CLEVELAND D. FISHER et al., Appellants, *v.* MARY C. D. FISHER et al., Respondents.

The provision of the Code of Civil Procedure (§ 834), prohibiting the disclosure by a physician of any necessary information acquired in a professional capacity, applies only to information the physician acquires in attending a patient; not to information obtained by him in any other way.

(Submitted December 8, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 17, 1889, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The following is the opinion in full:

"This is an action of partition brought by the plaintiffs to partition lands alleged in the complaint to belong to the parties to the action as tenants in common. The main controversy upon the trial was over a deed executed by Eliza Fisher on the 11th day of April, 1888. The title of the plaintiffs and of some of the defendants to a portion of the lands sought to be partitioned depended upon the validity of that deed. Some of the defendants claimed that it was procured by fraud and undue influence, and that, therefore, it was void and inoperative. Upon that question considerable evidence was given upon both sides; and the trial judge found that the deed was procured by improper influence and that, therefore, it was void and inoperative.

"We have carefully scrutinized the evidence and see no reason to doubt that the conclusion of the trial judge was

abundantly supported and that his judgment thereon should not be disturbed.

"There were no facts or circumstances in the case which estopped the parties assailing that deed from claiming its invalidity.

"Upon the trial Doctor Curtis was called to give evidence as to the mental condition of Eliza Fisher at or about the time when she executed the deed. It appears that he had attended and prescribed for her professionally, and that he had also seen her at various times when he was not in attendance upon her for the purpose of treating her professionally. He was asked various questions as to her mental condition, excluding from his mind in answering the questions any knowledge or information which he had obtained as to her condition while acting as her medical attendant, and confining his answers to such knowledge and information as he had obtained of her by seeing her when she was not his patient. Counsel for the plaintiffs objected to the competency of the witness under section 834 of the Code. The court overruled the objection and the witness was permitted to answer, and he gave material evidence as to the mental condition of Eliza Fisher. In this there was clearly no error. (*Edington* v. *Ætna Life Ins. Co.*, 77 N. Y. 564; *People* v. *Schuyler*, 106 id. 304; *Hoyt* v. *Hoyt*, 112 id. 515.) The prohibition of that section applies only to information the physician acquired in attending the patient in a professional capacity, and it does not apply to information obtained by him in any other way.

"The judgment should be affirmed with costs."

*Martin J. Keogh* for appellants.

*Isaac N. Mills* for respondents.

EARL, J., reads for affirmance.
All concur.
Judgment affirmed.