EMMA F. NELSON, Respondent, *v.* THE VILLAGE OF ONEIDA, Appellant.

EVIDENCE — NON-DISCLOSURE OF PROFESSIONAL INFORMATION BY PHYSICIAN. The prohibition, by section 834 of the Code of Civil Procedure, of the disclosure of professional information by a physician, extends to information of the existence of an ailment, although not the subject of his attendance or treatment, acquired through an examination of the patient in attending him in a professional capacity, and the discovery of which was a necessary incident to the investigations made to enable the physician to act in his professional capacity as to the subject of his attendance.

*Nelson* v. *Village of Oneida,* 85 Hun, 616, affirmed.

(Argued May 6, 1898; decided June 7, 1898.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fourth judicial department, entered March 9, 1895, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been sustained through the negligence of defendant.

The facts, so far as material, are stated in the opinion.

*Edwin J. Brown* for appellant. The court erred in sustaining the objection to the evidence of Dr. M. Cavana. (*Edington* v. *Ætna L. Ins. Co.*, 77 N. Y. 564, 569, 570; *People* v. *Schuyler*, 106 N. Y. 298; *Hoyt* v. *Hoyt*, 112 N. Y. 498; *Fisher* v. *Fisher*, 129 N. Y. 654; *Harrington* v. *Winn*, 14 N. Y. Supp. 612; *Stowell* v. *American C. R. Assn.*, 5 N. Y. Supp. 234; *Brown* v. *R., W. & O. R. R. Co.*, 45 Hun, 439; *Staunton* v. *Parker*, 19 Hun, 55; *Matter of Darragh*, 15 N. Y. S. R. 452; *Henry* v. *N. Y., L. E. & W. R. R. Co.*, 32 N. Y. S. R. 16.) The court erred in excluding the evidence of the physician contradicting plaintiff's testimony. (*Butler* v. *M. R. Co.*, 52 N. Y. S. R. 498; *Marx* v. *M. R. Co.*, 31 N. Y. S. R. 915; *McKinney* v. *Grand St., etc., R. R. Co.*, 104 N. Y. 352; *Treanor* v. *M. R. Co.*, 16 N. Y. Supp. 563; *Campan* v. *North*, 39 Mich. 606; Greenl. on Ev. § 248.)

*E. L. Hunt* for respondent. The exceptions to the ruling of the court, rejecting the evidence of Dr. Cavana of privileged communications, were not well taken. (Code Civ. Pro. §§ 834, 835; *Hope* v. *T. & L. R. R. Co.*, 40 Hun, 438; 110 N. Y. 643; *Morris* v. *N. Y., O. & W. R. Co.*, 148 N. Y. 93; *Alberti* v. *N. Y., L. E. & W. R. R. Co.*, 118 N. Y. 77; *Renihan* v. *Dennin*, 103 N. Y. 573; *McKinney* v. *Grand St., etc., R. R. Co.*, 104 N. Y. 352; *Westover* v. *Ætna L. Ins. Co.*, 99 N. Y. 56; *Grattan* v. *Metropolitan L. Ins. Co.*, 80 N. Y. 297; *Butler* v. *M. R. Co.*, 52 N. Y. S. R. 498; *Loder* v. *Whelpley*, 111 N. Y. 239; *Hunt* v. *Blackburn*, 128 U. S. 464; *Matter of Coleman*, 111 N. Y. 226; *Buffalo L., T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450.)

Parker, Ch. J. The judgment under review awards to the plaintiff $2,500 for damages sustained by a fall due to a defective sidewalk.

The injuries the plaintiff claimed to have suffered were an umbilical hernia, a prolapsus of the uterus and several bruises.

The defendant attempted to show by the plaintiff's physician that she had an umbilical hernia before the accident, and the exception taken to the exclusion of the evidence is relied upon by the appellant as furnishing sufficient ground for a reversal of the judgment. The physician testified that prior to the accident he had attended upon and treated her as a physician more or less during eight or ten years, and within such period had attended her at child birth upon two occasions. Plaintiff's counsel at this point objected to the testimony of the witness under section 834 of the Code.

The court then made some inquiries of the witness with the following result: " The Court: Doctor, I assume that all your visits to this plaintiff were prior to this accident? A. They were. The Court: And all of your visits were visits that were made at her or her husband's request, and you visited her and prescribed for her as her physician? A. I did. The Court: And whatever you know or learned, you know and learned in that capacity? A. Yes, such information was necessary to enable me to easily and understandingly treat the case."

The court decided not to strike out the evidence the witness had given, but inquired of defendant's counsel whether there was any other non-privileged evidence the witness could give. To this inquiry counsel made reply as follows: " In the first instance, this plaintiff says that never prior to this occasion did she have an umbilical hernia, she says that Dr. Cavana never treated her for umbilical hernia; and we can prove by Dr. Cavana that he has never treated her for umbilical hernia, but I can prove also, on the occasion of the other treatment he gave her he discovered an hernia, and that the information wasn't in any manner necessary to enable him to treat her for the other troubles, that he did treat her."

The court answered: " But the difficulty is, if he hadn't been treating her and examining her in that confidential capacity, he never would have discovered it."

The point of difference between the court and counsel was this: Counsel insisted that if the physician discovered the

umbilical hernia while attending his patient at child birth, but did not treat her for it, and the knowledge was not necessary for his guidance in assisting in the delivery of a child, he could disclose it, while the position of the court was that the very nature of his employment compelled this disclosure to him by the patient, and, therefore, it is privileged under the statute.

Section 834 of the Code is as follows: " A person, duly authorized to practice physic or surgery, shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity."

The evidence offered was clearly within the protection of the statute. The witness acquired the information which the defendant desired to elicit from him, while attending the patient in a professional capacity, and the discovery of an umbilical hernia was a necessary incident of the investigations made to enable him to act in that capacity.

Our attention is called to certain authorities which the appellant insists support his position, but the proposition presented in this case was neither involved nor decided in any of them.

In *Edington* v. *Ætna Life Ins. Co.* (77 N. Y. 564) a physician attended a patient professionally in 1862 and never afterwards. His acquaintance with his former patient continued, however, until his death a number of years later. The witness was asked if D. was cured when he left his hands; if in his opinion D. was in good health, of sound body and one who usually enjoyed good health in 1867, some five years after his attendance upon him had ceased, and whether in his opinion, excluding any knowledge or information obtained while treating D., and judging from his appearance from that time until 1867, D. was in good health. The court held that these questions were such as could properly be put to a physician under the provisions of the statute. It will be observed, however, that these questions are not like the one presented in this case. What the learned judge who wrote

the opinion had to say bearing upon this question was not, therefore, a part of the decision, but it may be referred to as indicating quite clearly that when he wrote the opinion he did not contemplate that professional ingenuity would later claim from the decision support in a case like this. In discussing the statute generally he says: " The exclusion is aimed at confidential communications of a patient to his physician, and also such information as a physician may acquire of secret ailments by an examination of the person of his patient. The policy of the statute is to enable a patient, without danger of exposure, to disclose to his physician all information necessary for his treatment."

It is apparent that in the mind of the judge there was no distinction between the disclosure of ailments by word of mouth and such disclosure by exhibition of the body.

This question was not involved in *People* v. *Schuyler* (106 N. Y. 298). The doctor in that case was the jail physician, while the defendant was an inmate of the jail awaiting trial under an indictment for murder where the defense was insanity; upon the trial a hypothetical question was put to the physician from which was excluded all personal knowledge which he had of the defendant, but which was based entirely upon facts which had occurred before the defendant came to the jail; the witness was requested to answer without reference to anything except the facts stated, whether the defendant was sane or insane when he committed the act. In this court it was held that the trial court erred in assuming that the mere fact that the witness was the jail physician created the relation of patient and physician between him and the defendant, the fact being that " there was no proof that the defendant was at any time sick during the six months in which the witness was the jail physician or that the witness ever attended or prescribed for him as a physician or derived any information upon which the question or answer thereto could be based while attending him as a physician."

In *Hoyt* v. *Hoyt* (112 N. Y. 493) the testator's physicians were, in the first instance, permitted, without objection, to

give testimony which would otherwise have been excluded. Subsequently a motion was made to strike out the testimony, which was denied. This court decided merely that the denial of the motion to strike out was not error.

In *Fisher* v. *Fisher* (129 N. Y. 654) the physician was asked various questions as to the mental condition of his patient, excluding from his mind in answering the questions any knowledge or information he had obtained while acting as her medical attendant, and confining his answers to such knowledge and information as he had obtained by seeing her when she was not his patient.

Other cases are cited, but reference need not be made to them, as none of them holds that the statute permits a physician to disclose what he discovers while making an examination of his patient for the purpose of treatment.

The judgment should be affirmed, with costs.

All concur, except MARTIN, J., not sitting.

Judgment affirmed.