HARRY GRIFFITHS, an Infant, by HENRY W. GRIFFITHS, Guardian ad Litem, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

EVIDENCE — PRIVILEGED COMMUNICATION — CODE CIV. PRO., § 834 — BURDEN OF PROOF. Where the plaintiff in an action of negligence seeks to exclude the testimony of a physician under section 834 of the Code of Civil Procedure, the burden rests upon him to establish that it comes within the prohibition of that section; and where there are no facts shown which would warrant the presumption that the relation of physician and patient existed or would justify the conclusion that such testimony had any relation to professional treatment, its exclusion upon the ground that it was privileged is reversible error.

*Griffiths* v. *Met. St. Ry. Co.*, 63 App. Div. 86, reversed.

(Argued April 8, 1902; decided May 13, 1902.)

APPEAL from a judgment entered October 24, 1901, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment dismissing the complaint and reinstating a verdict in favor of plaintiff.

On the 17th day of April, 1899, the plaintiff, a boy between seven and eight years of age, was struck by one of the defendant's north-bound cable cars on Columbus avenue, between Ninety-third and Ninety-fourth streets, in the city of New York. This action is brought to recover damages for the injuries he thus received. The accident occurred between five and six o'clock in the afternoon. The day was clear and bright. The plaintiff lived with his parents at the northwest corner of Columbus avenue and Ninety-third street. Just before the accident he had been sent by his mother on some errands. Having made some purchases at a store on the west side of the avenue, just below Ninety-fourth street, he started to cross the street directly in front of the store. He stood at the curb watching some men at a manhole for a short time and then proceeded into the street as far as the easterly or " up-town " track of the defendant's road where he waited for an up car to pass. Then he looked north and south and stepped upon the " up track." While upon the track and, as he says, waiting for two south-bound cars to pass, he was struck by an up-bound car. As a result of this collision one of his arms was fractured and one of his legs was so badly crushed that it had to be amputated just above the ankle.

There was a sharp conflict in the evidence as to the distance between the car and the plaintiff when he stepped upon the track. The plaintiff testified that when he attempted to cross the track there was no up-bound car in sight as far south as the corner of Ninety-third street, which was about one hundred and fifty feet distant; that he did not see it until it was two or three houses from him; that he then attempted to get off the track, but the car was coming so fast he could not get out of the way in time to avoid the accident. Other witnesses corroborated the plaintiff's story. There was some evidence upon which the jury had the right to find that the car could have been stopped in time to have avoided the accident although it was going at full speed, and there was conflicting evidence as to whether the warning gong was sounded or not. The plaintiff was a bright intelligent boy who, according to

his mother's testimony, was capable of taking care of himself upon the street.

No motion to dismiss the complaint or for a nonsuit seems to have been made at the close of plaintiff's testimony. After all the evidence was in, counsel for the defendant moved " to dismiss the complaint upon the ground that the plaintiff has not shown by a preponderance of proof that he was free from contributory negligence and that the accident was caused solely by the negligence of the defendant." The trial court reserved decision upon this motion pending the submission to the jury of certain specific questions in accordance with the practice authorized by section 1187 of the Code of Civil Procedure.

The answers which the jury returned to these questions disclose that they found that the gripman of the car saw the plaintiff in time to have avoided the accident; that the defendant was guilty of negligence which caused the injury, and that neither the plaintiff nor his parents were guilty of contributory negligence. Plaintiff's damages were fixed at $5,000. After the jury had rendered this verdict the defendant renewed the motion to dismiss and also moved for a new trial. No exception was taken by the defendant to the action of the trial court in submitting to the jury the questions whether plaintiff was free from contributory negligence and whether the defendant was negligent. The trial court subsequently set aside the verdict and dismissed the complaint without granting a new trial. The plaintiff then appealed to the Appellate Division from the judgment entered upon the order of the trial court setting aside the verdict and dismissing the complaint. The Appellate Division reversed the order dismissing the complaint and reinstated the verdict also without ordering a new trial.

*David B. Hill, Charles F. Brown, Theodore H. Lord* and *Henry A. Robinson* for appellant. The court erred in excluding the evidence of Dr. Moorhead as to the plaintiff's statement of the accident. (*Edington* v. *Æ. L. Ins. Co.*, 77 N.

Y. 564; *Hewitt* v. *Prime,* 21 Wend. 80; *Pierson* v. *People*, 79 N. Y. 424; *Hoyt* v. *Hoyt*, 112 N. Y. 493; *Brown* v. *R., W. & O. R. R. Co.*, 45 Hun, 439.)

*Ferdinand E. M. Bullowa* for respondent.   Information of a character necessary for plaintiff's treatment obtained by Dr. Moorhead from him at the hospital was privileged, and the exclusion thereof was not error.   (*Brozek* v. *S. R. R. Co.*, 161 N. Y. 63; *Bacon* v. *Frisbie*, 80 N. Y. 394; *Edington* v. *M. L. Ins. Co.*, 5 Hun, 1; 67 N. Y. 185; *Renihan Case*, 103 N. Y. 573; *People* v. *Murphy*, 101 N. Y. 126; *Grossman* v. *Supreme Lodge*, 25 N. Y. S. R. 843; *People* v. *Stout*, 3 Park. Crim. Rep. 670; *Feeny* v. *L. I. R. R. Co.*, 116 N. Y. 375; *De Jong* v. *E. R. R. Co.*, 43 App. Div. 427; *Brown* v. *R., W. & O. R. R. Co.*, 45 Hun, 439.)

WERNER, J.   The form of defendant's motion to dismiss the complaint seems to concede that there was some evidence of defendant's negligence as well as plaintiff's freedom from contributory negligence.   The motion was based upon plaintiff's alleged failure to establish by " preponderance of proof that he was free from contributory negligence and that the accident was caused solely by the negligence of the defendant."   However that may be, the facts involved in the inquiry have been disposed of by the learned Appellate Division in favor of the plaintiff, and this court is bound by that decision. The only question presented by the record which is open for our consideration arises upon an exception taken to a ruling of the learned trial court in excluding certain evidence of a physician called as a witness for the defendant.   This evidence was excluded because it was thought to be within the prohibition of section 834 of the Code of Civil Procedure, which provides: " A person duly authorized to practice physic or surgery, shall not be allowed to disclose any information which he acquired in attending a patient, in a professional capacity, and which was necessary to enable him to act in that capacity."   One Dr. Moorehead, called as a witness for the

defendant, testified that he was at the scene of the accident when the ambulance arrived, but, aside from the fact that he rendered first aid to the plaintiff in the drug store immediately after the accident, he had no relation with him. The record discloses that Dr. Moorehead was an attending physician at the J. Hood Wright Memorial Hospital where the boy was taken, and had ridden with the boy in the ambulance about three blocks of the way to the hospital; that he was also a surgeon in the employ of the defendant, but whether such employment commenced before or after the accident is not disclosed; that he next saw the boy about ten days afterwards at the hospital, when he had a talk with him, as he says, as part of his duty toward the defendant. He was then asked by counsel for the defendant, "Can you state whether or not, from his conversation, he was suffering any pain, or whether he talked with you and understood you?" The court here interposed and said : "We will settle the question of the admissibility of his evidence." The witness was then permitted to continue, saying: "I then asked him to tell me the details of his accident and I received some reply from him." At this point a discussion ensued between counsel and court, at the conclusion of which the court, after expressing doubt as to the admissibility of the testimony, said, "I will give you an exception," although, up to that time, no objection appears upon the record. The witness then stated : "I did not in the hospital at this time ten days afterwards go to treat him in any sense as a physician." The doctor was then interrogated by counsel for the defendant as follows : "Q. Did you have any talk with him as to that condition, or only as to the way in which the accident happened?" "A. It was entirely as to the method of the accident." "Q. So that whatever he said to you was entirely distinct from any treatment or visit of a physician or anything of that sort?" "A. Entirely so." The counsel for the defendant here said : "I now renew the question." Whereupon the court further interrogated the witness, eliciting from him, in substance, that he did not think that the plaintiff knew that he was the

physician who treated him at the drug store and that he did not advise him of the fact until after the plaintiff had given him a statement. This ended the examination of the witness, and the court said : " It is rather a narrow question. But I think the doctor came there with the assumed authority that a doctor would have in such a place and that any talk that he had with the boy was privileged." To this the counsel for the defendant excepted. It is to be observed that there is no exception which sharply points to the evidence excluded by the court, but, we think, there is enough in the record to indicate that the court ruled out all evidence of the witness as to any conversation he had with the plaintiff concerning the details of the accident and how it occurred. To bring the evidence of a physician within the prohibition of the Code section above quoted, three elements must coincide : 1. The relation of physician and patient must exist. 2. The information must be acquired while attending the patient. 3. The information must be necessary to enable the physician to act in that capacity. Upon the evidence disclosed by the record, it is doubtful whether either of these requisites were established in the case at bar. It is true that Dr. Moorehead did render first aid to the plaintiff and rode with him in the ambulance for a distance of three blocks. But the physician testified that thereafter he had no relation to the plaintiff, either as an official of the hospital or otherwise, until about ten days after the accident when, as a part of his duty to the defendant, he saw the plaintiff at the hospital. There is nothing in the record to disclose the nature and purpose of this visit except the doctor's statement that it was made as part of his duty to the defendant by whom he was then employed, and that the doctor did not go to the hospital to treat the plaintiff " in any sense as a physician."

It is the well-settled rule that the burden of showing that evidence sought to be excluded under this section is within the prohibition of the statute, rests upon the party seeking to exclude it. (*People* v. *Koerner*, 154 N. Y. 355 ; *Fisher* v. *Fisher*, 129 N. Y. 654 ; *People* v. *Schuyler*, 106 N. Y. 298 ;

·*Edington* v. *Ætna Life Ins. Co.*, 77 N. Y. 564.) In *People* v. *Koerner* (*supra*) we find the latest expression of the rule in this court, where it is laid down by Judge MARTIN, as follows: " Where the testimony of the physician is sought to be excluded under the provisions of that section (834) of the Code, the burden is upon the party seeking to exclude it to bring the case within its provisions. He must make it appear not only that the information which he seeks to exclude was acquired by the witness while attending the patient in a professional capacity, but also that it was necessary to enable him to perform some professional act." Here, there are no facts shown which would warrant the presumption that the relation of physician and patient existed, or that would justify the conclusion that the conversation which the doctor was about to give had any relation to professional treatment. There may be circumstances in which it is necessary for a physician to inquire of a patient how an accident happened in order to properly treat him. But that is not true in all cases, and no such necessity was shown in the case at bar. In *People* v. *Schuyler* (*supra*) a jail physician was called to state his opinion as to the sanity of the defendant, and, notwithstanding the fact that the witness had examined the defendant in his professional capacity, he was allowed to testify, and this court sustained the ruling. In *Edington* v. *Ætna Life Ins. Co.* (*supra*) the physician had treated the assured professionally, but the relation had ceased some time before the death of the assured. He was asked if the assured was cured when he left the witness' hands, and what, generally, was his physical condition. These questions were excluded, and this court decided that the ruling was erroneous. In the case at bar the witness expressly stated that the information which he obtained from the plaintiff was distinct from any treatment as a physician, and that the conversation was simply as to the details of the accident. No fact was brought out tending in any way to contradict him. If it had appeared that the information was at all necessary to enable the witness to treat the plaintiff professionally, the trial judge would have been justified in exclud-

ing the evidence. Where the party seeking to exclude the evidence shows facts which indicate that the information was necessary for professional treatment, the trial judge is the sole judge of its admissibility, notwithstanding the physician's statement to the contrary. (*Bacon* v. *Frisbie*, 80 N. Y. 399.) The decision of the question of fact which arises under such circumstances rests in the discretion of the trial judge, subject to review by the Appellate Division. Where, however, there is nothing to show that it was necessary for this purpose, it does not fall within the condemnation of the statute. The information sought need not be confidential in its nature (*Renihan* v. *Dennin*, 103 N. Y. 573), but it must appear in some way that it was necessary to enable the physician to act in his professional capacity. It is true that in *Feeney* v. *L. I. R. R. Co.* (116 N. Y. 375, 380), Judge VANN quotes with approval the language of the opinion in *Edington* v. *Mut. L. Ins. Co.* (67 N. Y. 185, 194) to the effect that where a physician has attended a patient professionally, and is called to testify as to information secured from the patient, " it must be assumed from the relationship existing that the information would not have been imparted except for the purpose of aiding the physician in prescribing for the patient." But what was said in the *Feeney* case was proper in both cases in view of the facts there presented. In the *Feeney* case the plaintiff had consulted the physician in his professional capacity the day after she was hurt. The physician was asked whether he had conversed with her about her injuries, and whether he made an examination of her at that time. Both questions were held to have been properly ruled out. In that case every element necessary to bring the questions within the prohibition of the statute was present. The relation of physician and patient was established, the witness was attending in his professional capacity, and the information which he obtained from the patient was plainly necessary to enable the witness to act in that behalf. In the *Edington* case the information given to the physicians was plainly necessary to enable them to act in

their professional capacity. In *Renihan* v. *Dennin* (103 N. Y. 573) Judge EARL said: " It is not disputed and could not well be, that the information obtained by the witness was necessary to enable him to act in his professional capacity." In *Grattan* v. *Met. Life Ins. Co.* (80 N. Y. 281, 296) the questions excluded were plainly within the prohibition of the statute, and the court was careful to limit the rule there laid down to the particular circumstances of that case.

We think the plaintiff in the case at bar did not successfully sustain the burden of showing that the evidence excluded was within the prohibition of the statute. In arriving at this conclusion we are not laying down a general rule. The statute states the general rule and we simply decide that the peculiar facts of this particular case do not come within its operation.

The judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN and CULLEN, JJ., concur; VANN, J., not voting.

Judgment reversed, etc.