JULIA CRAGO v. THE CITY OF CEDAR RAPIDS, Appellant.

**Privileged Communications:** PHYSICIAN AND PATIENT: EXPERT TESTI-
1  MONY. The expert testimony of a physician, based on hypothet
   ical questions as to the cause of an injury to a person whom he
   had· treated, is not incompetent, under Code section 4686.

**Cumulative Evidence:** EXCLUSION. Where there is a conflict in the
2 . evidence, the exclusion of testimony merely because cumulative
   is error.

*Appeal from Linn District Court.*—HON. H. M. REMLEY,
Judge.

THURSDAY, FEBRUARY 4, 1904.

TRIAL of this action for damages caused by an alleged
defect in a sidewalk resulted in a verdict and judgment for
the plaintiff. The defendant appeals.—*Reversed.*

*John N. Hughes* for appellant.

*Grimm, Trewin & Mofit* and *W. E. Steele* for appellee.

LADD, J.—All the errors assigned, save those with respect
·to rulings on the proposed testimony of Dr. Ruml, and as to
the sufficiency of the evidence to support the verdict, seem

1. PRIVILEGED
communica-
tions: physi-
cian and pa-
tient: expert
testimony.

disposed of by previous decisions of this court.
In view of another trial, we refrain, as is our
custom, from discussing the quantum of the
evidence. But see *Smith v. Sioux City,* 119
Iowa, 50. The plaintiff testified that her right foot caught in
the sidewalk and threw her on the side back toward the
wall. She was then forty-seven years old. Her ankle be-
came somewhat swollen and discolored. There was no wast-
ing of the flesh of the arms or legs, but the evidence tended

to show that the right half of the body became partially paralyzed.   One of the physicians in attendence testified that in his opinion the paralysis was caused by the fall and in this view another, in answer to a hypothetical question, concurred. Four physicians were called in behalf of the defendant, three of whom expressed an opinion, in response to hypothetical questions reciting the facts as above stated, that the paralysis could not have resulted from the fall, but was due to some central or brain trouble or disease.   When Dr. Ruml was called as a witness, the parties agreed that he had been one of the attending physicians of plaintiff, and no exception is taken to the exclusion of any testimony by him touching his relations to her as a physician. . It was also agreed that the record should stand as if the questions propounded to the other experts had been asked him, and the objections separately interposed.   The court then sustained the objections. Hypothetical questions, without referring to or disclosing the witness' former employment as her physician, were also held incompetent, under section 4680 of the Code, providing that "no practicing  *  *  *  physician  *  *  *  shall be allowed in giving testimony to disclose any confidential communication properly entrusted to him in his professional capacity and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline."   But no communication, confidential or otherwise, was sought to be elicited, and any intention to attempt·this was expressly disclaimed.   The question did not refer thereto, directly or indirectly.   Manifestly, then, the statute did not authorize the exclusion of the testimony.   The record contains no suggestion of the physician's inability to disassociate the facts stated in the questions from what he had learned from his patient.   Indeed, the nature of the inquiry seems to obviate any such difficulty.   If, as counsel for appellee argue, the jury might infer from the fact he had treated plaintiff that "he knew more about the case than the experts, and would be likely to give great weight to his evi-

dence," this would not justify the rejection of his testimony, but, rather, indicate the necessity for an instruction direct· ing that no consideration be given to such fact. An unfavor· able inference is always to be drawn from the omission of a party to call an available witness to the facts in dispute. The failure of an injured person to examine the attending physi·· cian as to the nature and extent of his injuries forms no ex· ception to the rule. This, we think, marks the distinction between such physician and others, when testifying as ex· perts in response to purely hypothetical questions. It is legi· timate matter for the jury's consideration, and not to be ob· viated by any rulings of the court. Our conclusion finds sup· port in *People v. Schulyer,* 106 N. Y. 298 (12 N. E. Rep. 783; *Valensin v. Valensin,* 73 Cal. 106 (14 Pac. Rep. 397). See *Herries v. City of Waterloo,* 114 Iowa, 377; *McConnell v. Osage,* 80 Iowa, 293, is not in point.

But appellee insists the ruling was without prejudice, for that three experts were examined, and the testimony, if re· ceived, would have been cumulative in character. The court had not limited the number of experts which might be called on each side. Moreover, the mere fact that evidence is cumulative in character will not justify its exclusion. If evidence is cumulative to other un· disputed testimony, its rejection has been held to have been without prejudice. *State v. McPherson,* 114 Iowa, 492; *Morgan v. Wilfley,* 71 Iowa, 212. But where there is a sharp conflict in the evidence, as in this case, the number or charac· ter of the witnesses often control, and the erroneous rejection of the testimony of any cannot be held, as a matter of law, to have been without prejudice. The motion to strike is over· ruled.—REVERSED.

2. CUMULATIVE
evidence:
exclusion.