complaint alleges that, in the event of the judgment debtor's dying before his mother, this property is to go to other devisees named in the will, and, in any action for an accounting by the trustee, such devisees are necessary parties. The subject in controversy in this action is the fund of $4,000 held by the defendant Pierce as trustee. The object of the action is to compel him, as trustee, to account for that fund. The complaint alleges that there are others, not parties to the action, who would be entitled to that fund in the event of the death of the judgment debtor before the person entitled to a life interest therein; and for a complete determination of the question involved, namely, an accounting of this trust fund, it would seem that those parties to whom the fund would go in the event of the death of the judgment debtor prior to the death of the person for whose life the property is held must be parties to the action.

I can see no distinction in this respect between a final accounting and an interlocutory accounting. A trustee should not be called to account by each person claiming an interest without joining the others also interested, so that the court can finally adjudicate the rights of the several parties to the fund up to the time of the accounting. Nor is the fact that this is called an action auxiliary to the main action to assert the plaintiff's title to the fund of $4,000 an answer to this objection. Just what is meant by an "action auxiliary" to the main action is not apparent. The plaintiff either has a right to cause the trustee to account, or he has not. If he has, he is bound to make all those interested in the fund parties to the action, so that there can be a final adjudication as to the condition of the fund, and the trustee's accounts can be passed. The allegation of the complaint that, in the event of the death of the judgment debtor prior to the life tenant, the property is to be paid to other devisees named in the will, is an allegation that those other devisees are in existence, ready to take in the event of the happening of the contingency named in the will.

I think, therefore, that the demurrer should have been sustained on the ground that there is no cause of action alleged against the defendant Pierce individually, and that there is a defect of parties defendant; and the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to plaintiff to amend upon payment of costs in this court and in the court below. All concur, except PATTERSON, J., who dissents.

---

BECKER v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Trial Term, Chenango County. March, 1904.)

1. WITNESS—PRIVILEGED COMMUNICATIONS.

In an action on a life insurance policy defendant alleged that insured, before the issue of the policy, had had an attack of apoplexy, which he concealed from the insurer. The proofs of death contained a certificate of the attending physician of the insured stating that the cause of death was apoplexy, and that the physician had attended the insured at the time of the alleged prior attack. *Held* that, while the beneficiary may show that the certificate statement as to the prior attack of apoplexy

was false, the physician was incompetent to testify in support of his certificate under Code Civ. Proc. § 834, relating to information acquired in professional capacity.

Action by Martha Becker against the Metropolitan Life Insurance Company. Verdict for plaintiff. Motion for new trial. Denied.

William H. Sullivan (H. C. Stratton, of counsel), for plaintiff.
Martin T. Nachtmann, for defendant.

FORBES, J. This action was brought to recover $1,000 under an insurance contract for the death of the plaintiff's husband, who died of apoplexy. The case was submitted to the jury, which rendered a verdict for the plaintiff in the sum of $1,080. This is a motion for a new trial upon the minutes, under section 999, Code Civ. Proc.

The application for insurance was made April 18, 1900. The policy is dated April 20, 1900. The assured died April 3, 1902. The plaintiff is the beneficiary named in the policy. The defendant claims that the assured had an attack of "cerebral apoplexy" on the 30th day of October, 1899, and was treated for that illness, being confined to his house several days; that these facts were concealed from the defendant's agent at the time of making the application; and that the answers made by the assured were warranties, the breach of which makes the insurance void. The plaintiff put in evidence the application, the policy, and the proofs of death, which showed, upon their face, that the plaintiff was not entitled to recover. The physician's certificate of death showed the previous illness, upon which, with a statement in the plaintiff's affidavits, the defendant sought to make a defense to the recovery under said insurance. The motion to nonsuit the plaintiff, the motion to dismiss the complaint, and the motion to direct a judgment for the defendant were made and denied over the defendant's exceptions. Additional evidence was given to explain the proofs of death.

There are two or three exceptions which are to be carefully examined: Was the excluded testimony of Dr. Roper—the attending physician, who made the certificate of death—competent, where the defendant sought, by questions put, to show that he attended and treated the patient? The question was raised in several different forms, and was excluded under section 834, Code Civ. Proc. It already appeared upon the trial that this physician did attend the deceased, and had made a certificate of the cause of death. This evidence was put in by the plaintiff as a part of her case. Defendant was permitted to show without objection that the witness did visit the patient; that he prescribed for him at the patient's house and at witness' office. I am satisfied that further evidence was properly excluded. The evidence showed that he was the attending physician, and that he prescribed for the assured. It was necessary for the plaintiff to make proof of death and of the cause of death. The evidence that the witness signed the certificate of death would not have been competent if it had been offered on the part of the defendant. Davis v. Supreme Lodge, 165 N. Y. 159, 58 N. E. 891. The certificate showed the facts which the defendant sought to prove, and which were excluded under its exceptions. It is claimed under Patten v. United Life & A. Ins.

Ass'n, 133 N. Y. 450, 31 N. E. 342, that the defendant had the right to show that the witness attended the patient in a professional capacity, the number of visits he made, and when those visits were made. While I do not find that this case has been criticized, it has been overruled in principle. Nelson v. Village of Oneida, 156 N. Y. 219, 50 N. E. 802, 66 Am. St. Rep. 556. It was shown on the trial that the witness' certificate was false as to the prior illness. The effort on the part of the defendant was to show that the deceased had not only been previously ill, but that he died of apoplexy, of which, it is claimed, he had an attack in the month of October before the policy was issued. This oral evidence was excluded as privileged. The case of Griffiths v. Met. St. R. Co., 171 N. Y. 106, 63 N. E. 808, affirms the doctrine held in the Nelson Case, supra, except it holds that the burden of proof is on the party to show that the case does not come within the rule. The case holds that when it is necessary to enable him to act in his capacity of physician, the evidence is then privileged. This doctrine is held in Green v. Metropolitan St. R. Co., 171 N. Y. 201, 63 N. E. 958, 89 Am. St. Rep. 807; Deutschmann v. Third Ave. R. R. Co., 87 App. Div. 503, 84 N. Y. Supp. 887. The plaintiff had the right to show that the statements in the certificate were not true. Kipp v. Metropolitan L. Ins. Co., 41 App. Div. 298, 58 N. Y. Supp. 494; Spencer v. Citizens' M. L. Ins. Assn., 142 N. Y. 509, 37 N. E. 617; Hanna v. Connecticut Mut. L. Ins. Co., 150 N. Y. 526, 44 N. E. 1099. The plaintiff having explained and shown the untruthfulness of the physician's certificate, the physician had no right to take the stand for the purpose of sustaining the certificate and contradicting the beneficiary. Nelson v. Village of Oneida, supra. Again, the witness was permitted to testify to nearly every fact sought to be raised under the exceptions taken. Some of the questions asked called for the conclusion of the witness, while others are clearly inadmissible or are cumulative, and were properly excluded.

The request to charge, at page 173, is covered by the evidence admitted, and is all the defendant could require. The court was requested to charge that the proof shows that the deceased suffered from cerebral apoplexy on the 30th day of October, 1899, and was treated by Dr. Roper thereafter, and the illness was for 12 days. The court so charged. This evidence is shown by the certificate, but is contradicted and explained. The court also charged, at page 175, the request, as made, that the proofs of death are prima facie evidence against the plaintiff, and, if unquestioned, are conclusive. The court also charged that the certificate of Dr. Roper, attached to the proofs of death, is not privileged under the statute. This is so because it was put in by the plaintiff herself, and she therefore waived that privilege to this extent. The exception to the request to charge said modified statement is not well taken. The ruling at page 177 is correct. While it may be admitted that the plaintiff authorized a statement to be made by the physician, she was not bound by an unauthorized false statement. That statement was made in her absence. The evidence is positive that she never saw the statement, and that its contents were neither read nor disclosed to her. That statement, as made, was unauthorized and false in fact. Whether the insured was sick or not, and the extent of

that illness, was a question of fact for the jury. See authorities, supra; Crosby v. Security Mut. L. Ins. Co., 86 App. Div. 89, 83 N. Y. Supp. 140.

The question of fact was not submitted to the jury as to whether the contract constitutes a warranty; but whether there was a breach of warranty is a question of fact for the jury where there is a dispute. Schane v. Metropolitan L. Ins. Co., 76 App. Div. 271, 78 N. Y. Supp. 582; Dwight v. Germania L. Ins. Co., 103 N. Y. 341, 8 N. E. 654, 57 Am. Rep. 729. I am inclined to think that the case was properly submitted to the jury. The motion for a new trial is denied, with costs.

Motion denied, with costs.