JOHN KOSKOVICH, APPELLEE, v. GEORGE RODESTOCK, APPELLANT.

FILED NOVEMBER 17, 1921. No. 21645.

1. **Witnesses: CONFIDENTIAL COMMUNICATIONS.** Under section 7898, Rev. St. 1913, only such confidential communications are privileged as are necessary and proper to enable a physician to discharge the functions of his office according to the usual course of practice or discipline. And, while great latitude will be given to a physician in determining what facts should be disclosed, yet in its ultimate analysis it becomes a judicial question to determine whether such disclosures were necessary and proper.

2. ———: ———. Under the facts disclosed in the opinion, the declarations of the plaintiff made to the physician were not privileged, and the exclusion of such statements when offered in evidence was error.

Koskovich v. Rodestock.

Appeal from the district court for Boone county: Frederick W. Button, Judge. *Reversed.*

*V. E. Garten* and *A. E. Garten,* for appellant.

*W. J. Donahue* and *F. D. Williams, contra.*

Heard before Letton, Dean and Day, JJ., Corcoran and Goss, District Judges.

Day, J.

This is an action for damages for personal injuries arising out of an assault and battery inflicted upon the plaintiff. There was judgment for the plaintiff for $5,000. Plaintiff appeals.

The only question presented by the record is whether the court erred in excluding the proffered testimony of Dr. William M. Green, a physician, called on behalf of the defendant. The ruling of the court was based upon the theory that the declarations of the plaintiff, which the defendant sought to establish by Dr. Green, were confidential communications intrusted to him in his professional capacity, and for that reason were inadmissible under the provisions of our statute.

It appears that plaintiff and defendant engaged in a physical encounter in which the plaintiff was severely beaten by a club wielded by the defendant. In the affray the plaintiff sustained a wound upon the head, a broken arm, and a number of bruises upon the body.

It was the theory of the defense that the plaintiff was the aggressor in the affray; that he assaulted the defendant with a loaded revolver and snapped it three times; and that the blows struck by the defendant were delivered in self-defense. The defendant supported this theory by his testimony, and also introduced in evidence the revolver which he secured during the fight, the barrel of which was slightly bent out of alignment with the cylinder. He also introduced three unexploded cartridges which indicated they had been struck by the trigger.

The plaintiff denied the assault upon the defendant; denied that he at any time had the revolver in his hand or that he·had snapped it; and claimed that when he was knocked down the revolver fell out of his pocket, and that defendant got hold of it and threw it in the pasture. The plaintiff was corroborated in his version of the affray by his companions, while the defendant's theory was not corroborated by any witness other than himself.

The plaintiff engaged Dr. Green, professionally, to treat his injuries. The defendant sought to show by Dr. Green that the plaintiff had told him "that he pulled his revolver and snapped it several times, but that the blamed thing would not go off." That this was material evidence for the defense must, we think, be conceded.

Section 7898, Rev. St. 1913, provides as follows: "No practicing attorney, counselor, physician, surgeon, minister of the gospel or priest of any denomination, shall be allowed in giving testimony to disclose any confidential communication, properly intrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline."

It is quite apparent from the language of the statute above quoted that it was not the intention of the legislature to disqualify the classes of persons named therein from testifying concerning all communications made to them in their professional capacity. It is only such confidential communications intrusted to them in their professional capacity, and which are necessary and proper to enable them to discharge the functions of their office according to the usual course of practice or discipline, which are privileged and within the protection of the statute. If the legislature had intended to exclude all communications received in a professional capacity, there would seem to be no necessity of adding the words, "and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline." At common law there was no

Koskovich v. Rodestock.

privilege as to communications between a physician and his patient. This rule has been modified by statute to the extent above indicated. It is obvious that whether a communication was confidential and necessary and proper to be given must be determined in every case according to its peculiar facts; and, while great latitude should be given to the classes of persons named in the statute in determining what facts should be disclosed, yet in its ultimate analysis it becomes a judicial question to determine whether the disclosures were necessary and proper.

It is difficult to imagine how the fact that the plaintiff had a revolver in his hand, and snapped it several times but that it would not go off, as narrated by him, would throw any possible light on, or assist in any manner, the proper treatment of his injuries. The nature of the injury was self-evident, and the treatment would be the same regardless of what the plaintiff was doing when he received it.

The views expressed herein find support in *Missouri P. R. Co. v. Castle,* 172 Fed. 841, where this same statute is construed.

For other cases having an immediate bearing on the question, see *Blossi v. Chicago & N. W. R. Co.,* 144 Ia. 697; *Green v. Terminal R. Ass'n,* 211 Mo. 18; *Kansas City, Ft. S. & M. R. Co. v. Murray,* 55 Kan. 336; *Collins v. Mack,* 31 Ark. 684; *Brown v. Rome, W. & O. R. Co.,* 45 Hun (N. Y.) 439; *Griffiths v. Metropolitan Street R. Co.,* 171 N. Y. 106; *Travis v. Haan,* 119 App. Div. (N. Y.) 138.

From what has been said, it follows that the proffered testimony of Dr. Green should have been received in evidence, and it was error for the trial court to exclude it.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED.