Zimmerman, J.
Strizak testified fully as to the cause, nature and results of the injury he claims to have received to his eye on February 17, 1947. He also produced one medical witness who had examined him and whose testimony was favorable to his claim.
Two medical doctors testified for the Industrial Commission, one of them being Dr. Covert, a trained and experienced eye specialist. After some unobjectionable preliminary questions Dr. Covert was asked directly by counsel for the commission concerning his findings from an examination he had made of Strizak’s eyes on February 18, 1947. An objection to the question was registered on the ground that the answers would be violative of Section 11494, General Code. The objection was sustained by the trial court as were objections to similar questions subsequently propounded.
Following the sustaining of the objections to the questions, counsel for the Industrial Commission proferred the answers which the doctor would have given if permitted to reply. These, of course, were ones taken from the record made on the rehearing before the Industrial Commission. Finally, the bill of exceptions shows the following:
*478 “Mr. Zwick: Your Honor, at this point I wish to continue examining this witness, not as the attending physician, but as an expert witness to testify to a hypothetical question.
“The Court: You may do so.
C l * * *
“Q. Doctor, I would like for you to assume the following facts to be true, and I want you to divorce completely from your mind any knowledge that you might previously have in this case, completely divorce from your mind any professional knowledge you might have in this case, and arrive at your opinion, if you have one, based solely and entirely upon these facts that I give you.”
Then followed hypothetical questions in the usual form of such questions — a hypothetical question being one which assumes facts the evidence tends to show and calls for an opinion based on the hypothesis.
That the doctor understood the situation and governed himself accordingly is indicated by the following from the bill of exceptions:
“A. This is hypothetical, isn’t that correct?
“Mr. Zwick: That is right.
“The witness: We are not thinking of Mr. Strizak in this question, isn’t that right?”
The writer of this opinion holds to the view that where one brings an action to recover damages or compensation from another on account of physical injuries he claims to have sustained, takes the witness stand, fully describes those injuries and makes them the subject of inquiry, he can not then on the basis of privilege successfully prevent the physician who has treated him from telling what he knows concerning the injuries. The writer’s views on this subject are contained in his dissenting opinion in the case of Harpman v. Devine, Recr., 133 Ohio St., 1, 10, 10 N. E. (2d), 776, 780, 114 A. L. R., 789, wherein the case of Spitzer *479 v. Stillings, Exr., 109 Ohio St., 297, 142 N. E., 365, is cited and discussed.
However, we are not faced with that problem in the instant controversy.
Section 11494, General Code, recites in part:
“The following persons shall not testify in certain respects:
“1. * * * a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient. But the * * * physician may testify by express consent of the * * * patient; and if the * * * patient voluntarily testifies, the * * * physician may be compelled to testify on the same subject.”
The precise question with which we are confronted in the present case is the admissibility and competency of certain testimony of Dr. Covert, which testimony was confined to answering hypothetical questions not embracing matters confided to him by his patient or information obtained by him from his physical examination of such patient.
This court has not decided that question, but other courts have and their holdings are in accord with the statement appearing in 70 Corpus Juris, 449, Witnesses, Section 605, which is to the effect that a physician who has treated an injured person professionally is not thereby disqualified or precluded from giving expert testimony in response to proper hypothetical questions, provided that in answering the questions he disregards what he learned and observed while attending the patient and his own opinion formed therefrom.
Testimony of that character is not inhibited by a privileged-communications statute like Section 11494, General Code, because “communications” between the physician and his patient are excluded from the questions asked and from the opinions expressed in response thereto. Compare Metropolitan Life Ins. Co. *480 v. Howle, 68 Ohio St., 614, 68 N. E., 4, as against Ausdenmoore et al., Exrs., v. Holdback, 89 Ohio St., 381, 106 N. E., 41.
The cases fully support the above statements. See Butler v. Rule, Admx., 29 Ariz., 405, 242 P., 436; Crago v. City of Cedar Rapids, 123 Iowa, 448, 98 N. W., 354; Whitmore v. Herrick, 205 Iowa, 621, 218 N. W., 334; Watkins v. Watkins, 142 Miss., 210, 106 So., 753; Meyer v. Standard Life & Accident Ins. Co., 8 App. Div., 74, 40 N. Y. Supp., 419. Compare Triangle Lumber Co. v. Acree, 112 Ark., 534, 166 S. W., 958, Ann. Cas. 1916B, 773. Diligent search has failed to produce any authorities to the contrary.
For the reasons stated, the judgment of the Court of Appeals is reversed and that of the 'Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt, C. J., Tapt, Matthias, Hart and Stewart, JJ., concur.