■ GERTRUDE BARRETT, Appellant, v. MINNIE LAZZARA, Doing Business as MINNIE'S BEAUTY PARLOR, Respondent.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: This action arises out of the alleged negligence of defendant in giving plaintiff a permanent wave resulting in hair and scalp injuries. There was evidence from which the jury could have found that plaintiff informed defendant that her hair had previously been tinted and that defendant, with this knowledge, selected and applied the particular chemical solution used; that contrary to good practice, no curl test was made prior to the application of the chemical; that, as a medical expert testified, the use of the chemical in question was the competent producing cause of plaintiff's injuries; and, that plaintiff was permitted to sit under a hair dryer for an excessive period. The motion to dismiss was made at the close of the plaintiff's case and the testimony, therefore, must be examined in a light most favorable to the plaintiff. Under these circumstances there was sufficient in the record to have required defendant to present her proof. All concur. (Appeal from a judgment of Monroe County Court dismissing the complaint on motion by defendant at the close of plaintiff's case, in a negligence action.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT E. RUNION, Appellant.— Judgment of conviction and orders reversed on the law and facts and a new trial granted. Memorandum: Error was committed in the admission of evidence that defendant, while critically injured and awaiting treatment, was asked by his physician " how he happened to have received these wounds " and replied that " he suffered his head lacerations after falling down three or four back steps at his home." Counsel for appellant properly objected that the communication was privileged (Civ. Prac. Act, § 352). We are satisfied that the information was considered by the physician to be necessary to intelligent treatment and was elicited from the patient for that purpose (cf. *Griffiths* v. *Metropolitan St. Ry. Co.*, 171 N. Y. 106, 112, 114; *Griebel* v. *Brooklyn Heights R. R. Co.*, 68 App. Div. 204, 207; *Williams* v. *Alexander*, 309 N. Y. 283, 288). " It is the policy of the statute to provide for great freedom of disclosure by a patient to his physician. The patient is not in a position to know what disclosure may be necessary and what may be unnecessary. He could know the distinction only by inquiry from the physician himself, or from other expert advice." (*Pride* v. *Inter-State Business Men's Acc. Assn.*, 207 Iowa 167, 174.) For the error described, there should be a new trial. All concur. (Appeal from a judgment of Monroe County Court convicting defendant of the crimes of robbery, first degree, and attempted robbery, first degree. The orders appealed from (1) disallowed defendant's objections to the introduction of testimony of defendant's doctor tending to convict defendant of the crime charged, and (2) orally denied defendant's motion for a new trial.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ. [See 4 A D 2d 744.]

■ EDWARD J. DILLON et al., Respondents-Appellants, v. JOSEPH E. SEAGRAMS & SONS, INC., Respondent, and OWENS-ILLINOIS GLASS COMPANY, INC., Appellant, et al., Defendant.— Judgments and order affirmed, with costs. All concur. (Appeal from a judgment of Oneida Trial Term for plaintiffs against defendant Glass Co. in a negligence action; also appeal by plaintiff from a judgment of the same court for defendant Seagrams Co. for no cause of action. The order denies the motion by defendant Glass Co. for a new trial.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.