## ERVIN MAETZOLD v. WALGREEN COMPANY.

83 N. W. (2d) 233.

May 24, 1957—No. 37,039.

*William W. Fink*, for appellant.

*Stearns, Baumgardner & Stearns* and *Harry S. Stearns, Jr.*, for respondent.

KNUTSON, JUSTICE.

Appeal from an order denying plaintiff's motion for a new trial. On October 23, 1951, plaintiff entered a drugstore, owned and

operated by defendant in the city of St. Paul, for the purpose of purchasing some cigars. The cigar counter was located about three feet, or not more than 46 inches at the most, from a row of shelves used to display other merchandise. As plaintiff entered the store and approached the cigar counter, he noticed that defendant's clerk, Mrs. Roberta Jelinek, was in a crouched position dusting some of the lower shelves of this display counter. Knowing that she was there in a stooped or crouched position, he took up a position near the cigar counter waiting for another clerk to wait on him. He remained in that position for three or four minutes, knowing all the time that Mrs. Jelinek was behind him. When she had finished her dusting, Mrs. Jelinek, who did not know that plaintiff was in such close proximity to her, stood up in a straight position and, in doing so, brushed against plaintiff's shoulder. Plaintiff testified that she bumped him on the hip. Mrs. Jelinek testified that she brushed his shoulder or that the two of them sort of bumped each other. Plaintiff left the store without thinking that he had been injured and returned in about half an hour, having then concluded that he might have suffered some injury, and reported the matter to the manager of the store.

The court submitted the case to the jury on the issues of negligence of defendant's employee, contributory negligence of plaintiff, and proximate cause. The jury returned a verdict for defendant.

Plaintiff contends (1) that it was error to submit to the jury the question of plaintiff's contributory negligence; (2) that the court erred in permitting one of plaintiff's attending physicians to give his opinion based on a hypothetical question; and (3) that the court erred in refusing to permit certain measurements of plaintiff's thigh and leg in the presence of the jury.

■ Plaintiff contends that there is no evidence which would justify submitting the question of plaintiff's contributory negligence to the jury. When plaintiff entered the store, he observed Mrs. Jelinek in a crouched position. He voluntarily took a position in close proximity to her. He should have anticipated that sooner or later she would finish her work and arise and that, because of the close

proximity of the two, there might be some bodily contact. Having examined the entire record, we are convinced that the evidence of contributory negligence was at least as strong as that of defendant's negligence and that it was not error to submit both negligence and contributory negligence to the jury.

■ Plaintiff contends that as a result of the negligence of defendant he suffered a prolapsed intervertebral disc and other back injuries. It is apparent from the evidence that he has a bad back. During the trial he called two physicians who had treated him over a considerable period of time. Both testified at length concerning such treatment and expressed their opinion as to the causal connection between the alleged negligence of defendant and plaintiff's physical conditions which they found to exist. According to the testimony of one of these men, Dr. John M. Feeney, a specialist in surgery and industrial surgery, plaintiff, during the time he was being treated by Dr. Feeney, was referred to Dr. Robert H. Jones, a specialist in orthopedic surgery. Plaintiff did not call Dr. Jones as a witness; defendant called him as an expert witness. Plaintiff objected to any testimony by Dr. Jones on the ground that his testimony was privileged under M. S. A. 595.02(4).[1] Over such objection, Dr. Jones was permitted to give his opinion, based on a hypothetical question, as to whether plaintiff's condition was the result of the bodily contact between plaintiff and Mrs. Jelinek as set forth above. Prior to submitting the hypothetical question, Dr. Jones was admonished:

"Now, Dr., without testifying to anything relating to your examination of Mr. Maetzold in your office, and excluding all of that from your mind, I will ask you some hypothetical questions: * * *."

Thereafter followed the question based upon assumed facts taken from the testimony of the witnesses. The doctor's answer was:

---

[1]"A licensed physician or surgeon shall not, without the consent of his patient, be allowed to disclose any information or any opinion based thereon which he acquired in attending the patient in a professional capacity, and which was necessary to enable him to act in that capacity; * * *."

"In answer to a hypothetical question such as that, that concern a bump on the side of the hip or thereabouts, and assuming that he didn't have objective findings for some time afterward, including no loss of motion on the back or spasm, with that as the hypothetical story, it would seem to me that it was a rather trivial injury."

Thereafter Dr. Jones was questioned at length, both on direct and cross-examination, as to his opinion concerning the nature and cause of disc injuries of the type alleged to have been sustained by plaintiff. Plaintiff claims that it was error to permit Dr. Jones to give his opinion based on such hypothetical question.

As far as we have been able to find, the authorities are unanimous in holding that, under statutes similar to ours, an attending physician is not disqualified or precluded from giving expert testimony based on a hypothetical question which excludes all knowledge or information gained by the doctor in examining or treating the patient.[2] The statute creating the physician-patient privilege is designed to prevent the doctor from disclosing information of a confidential nature communicated to him by the patient or which he acquires in examining or treating the patient. Absent a statutory disqualification, the doctor is not disqualified from testifying at all. As long as the doctor's opinion is based on facts contained in a hypothetical question which excludes all information obtained in examining or treating the patient, it does not contravene the statutory prohibition.

In Meyer v. Standard Life & Acc. Ins. Co. 8 App. Div. 74, 75, 40 N. Y. S. 419, 421, the New York court said:

"* * * An answer to the hypothetical questions asked of the witnesses would not have disclosed, or have been based upon, informa-

---

[2]Triangle Lbr. Co. v. Acree, 112 Ark. 534, 166 S. W. 958; People v. Schuyler, 106 N. Y. 298, 12 N. E. 783; Crago v. City of Cedar Rapids, 123 Iowa 48, 98 N. W. 354; Whitmore v. Herrick, 205 Iowa 621, 218 N. W. 334; Fisher v. Fisher, 129 N. Y. 654, 29 N. E. 951; Hauch v. Fritch, 99 Ind. App. 65, 189 N. E. 639; Butler v. Rule, 29 Ariz. 405, 242 P. 436; Strizak v. Industrial Comm. 159 Ohio St. 475, 112 N. E. (2d) 537; 70 C. J., Witnesses, § 605. For a contra dicta, see Von Eye v. Hammes (D. Minn.) 147 F. Supp. 174.

tion obtained by them while in attendance upon the deceased. The knowledge they acquired by such attendance might, to some extent, have influenced their answer to the question; still, that fact did not render such answer incompetent, but merely affected its weight."

We are of the opinion that the questions answered by Dr. Jones were not within the statutory proscription.

■ Dr. Feeney, who was called by plaintiff, testified that plaintiff's left thigh was one and three-eighths inches larger in circumference than the right thigh and that his left calf was one-eighth inch larger in circumference than the right. Dr. Donald R. Lannin, who was called by defendant, testified that, from his examination of plaintiff immediately prior to the trial, he found the thigh and leg to be the same in circumference at the same level. The day following the testimony of Dr. Lannin and after he had been released and defendant had rested, plaintiff as rebuttal offered to have Dr. Feeney make an actual measurement of the thigh and leg in the presence of the jury. The court sustained defendant's objection on the ground that such evidence was not proper rebuttal.

In view of the verdict of the jury for defendant on the question of liability, it is doubtful whether this proposition has any merit now. It is difficult to see how the jury's decision on liability could have been affected by this ruling of the trial court. In any event, it was discretionary with the trial court whether to allow a demonstration of the kind offered at the time the offer was made.[3] Plaintiff had ample opportunity to offer the evidence in his case in chief if he felt that it was important.

Affirmed.

---

[3]See, Mathews v. Chicago & N. W. Ry. Co. 162 Minn. 313, 202 N. W. 896.