In the Matter of the Judicial Inquiry Pursuant to the Order of the Appellate Division of the Supreme Court of the State of New York for the Second Department. Anonymous "N", Appellant; DENIS M. HURLEY, as Counsel for the Judicial Inquiry, Respondent.— Appeal from an order of an additional Special Term of the Supreme Court appointed by this court under an order directing a judicial inquiry and investigation with respect to the improper practices and abuses by attorneys in Kings County and by persons acting in concert with them. The order appealed from (1) denied a motion made by appellant, a witness who is also a physician, to vacate and rescind the oral order or direction of the Justice conducting the judicial inquiry that appellant produce all his records relating to designated patients upon his return at a future date, and (2) directed appellant to appear on a specified date in order to resume his testimony and to bring with him at that time all those records which he had previously been instructed to produce. Order affirmed, without costs. (Matter of Judicial Inquiry [Anonymous "P"], 8 A D 2d 842.) Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

In the Matter of the Judicial Inquiry Pursuant to the Order of the Appellate Division of the Supreme Court of the State of New York for the Second Department. Anonymous "P", Appellant; DENIS M. HURLEY, as Counsel for the Judicial Inquiry, Respondent.— Appeal from an order of an additional Special Term of the Supreme Court appointed by this court under an order directing a judicial inquiry and investigation with respect to the improper practices and abuses by attorneys in Kings County and by persons acting in concert with them. The order appealed from (1) denied a motion made by appellant, a witness who is also a physician, to vacate and rescind the oral order or direction of the Justice conducting the judicial inquiry that appellant produce all his records relating to designated patients upon his return at a future date, and (2) directed appellant to appear on a specified date in order to resume his testimony and to bring with him at that time all those records which he had previously been instructed to produce. Order affirmed, without costs. Pursuant to a subpœna directing him to appear and testify before said judicial inquiry, appellant appeared and gave certain oral testimony. He agreed to return at a future date with his records of certain cases. It appears that he was requested to bring the records to help refresh his recol-

lection, as he was unable to recall some of the matters about which he was questioned. Subsequently, appellant made the instant written motion on the grounds that the only records he had consisted of case cards which contained information relating to the diagnosis, care and treatment of the patients and which were necessary to enable him to act in his capacity as their physician, that these records were confidential communications and their production would disclose confidential information relating to the diagnosis, care and treatment of the designated persons as patients of appellant, and that the privilege had not been waived by the patients. No issue has been raised by respondent as to the appealability of the order, nor does appellant contend that, without the prior service of a subpœna duces tecum, it was improper to direct him to bring the records. When there has been no waiver by a patient, the statutory prohibition against a physician giving evidence of matters within his knowledge relating to a patient is confined to information acquired in attending a patient in a professional capacity and which is necessary to enable him to act in that capacity (*Klein* v. *Prudential Ins. Co.*, 221 N. Y. 449, 453; Civ. Prac. Act, §§ 352, 354). The statute does not prohibit a physician from testifying to such ordinary incidents and facts as are plain to the observation of anyone without expert or professional knowledge and which are not necessary incidents to the investigation made to enable him to act in his professional capacity. The prohibition does not bar him from testifying to such matters as the dates on which he saw the patients, the fees charged and whether he referred the patient to a certain attorney (*Klein* v. *Prudential Ins. Co.*, *supra*; *Lorde* v. *Guardian Life Ins. Co.*, 252 App. Div. 646). The burden of showing that evidence sought to be excluded under section 352 of the Civil Practice Act is within the prohibition of the statute rests upon the person seeking to exclude it (*Griffiths* v. *Metropolitan St. Ry. Co.*, 171 N. Y. 106, 111; *People* v. *Austin*, 199 N. Y. 446, 452). At this stage of the proceeding it may not be held that the oral order or direction was made in bad faith and that appellant's records contained no information except privileged and confidential information (see, e.g., *Matter of Edge Ho Holding Corp.*, 256 N. Y. 374, 381–382). When appellant resumes the stand it will be his right to refuse to divulge privileged information if an attempt is made to use his records improperly or to compel him to divulge privileged information. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.