MARY SPENCER, Respondent, v. THE CITIZENS' MUTUAL LIFE INSURANCE ASSOCIATION, Appellant.

The burden of proof is upon a defendant to establish an affirmative defense set up in his answer, and this burden is not changed by the presentation of evidence which *prima facie* establishes the defense.

Defendant issued a policy of insurance upon the life of plaintiff's husband; it having lapsed because of non-payment of a premium when due, to procure its re-instatement the insured executed and delivered to defendant an application, dated February 13, 1890, containing a guaranty that he was in sound health, that he had not been sick and had not required the services of a physician since the date of the policy. In an action upon the policy the defense was a breach of said warranty. It appeared that plaintiff in August, 1890, delivered to defendant proofs of the death as required by the policy, consisting of verified answers by plaintiff and the physician who attended the decedent in his last sickness, made to questions propounded by defendant. Both of the affiants stated in substance that the illness of which the insured died began February 6, 1890; he died May seventh of that year. The proofs of loss were presented in August thereafter. Defendant took no action thereon. Subsequently, and before the commencement of the action, supplementary affidavits of plaintiff, the physician and another were served correcting the statement as to when the last illness commenced, stating it to have been February sixteenth, and explaining the mistake, and on the trial the affiants were sworn and their evidence tended to confirm the statements in the last affidavits. The only evidence upon which defendant relied to show breach of warranty was the statements in the original affidavits. The court charged that plaintiff was entitled to recover unless defendant satisfied the jury, by a preponderance of evidence, that the insured was not in good health at the time of re-instatement, and refused to charge that the burden was on the plaintiff to show good health at that time. *Held*, no error; that as the defense was an affirmative issue interposed by defendant the burden was upon it to establish

SICKELS—VOL. XCVII.     64

the same ; that the original affidavits raised no estoppel, but were subject to correction, and so it was for the jury to determine whether the defense was established.

(Argued May 3, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 4, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action upon a policy of insurance issued by defendant upon the life of John L. Spencer, the husband of the plaintiff; she was named therein as the beneficiary.

It appeared that the decedent failed to pay a premium which became due February 9, 1890, in consequence of which default the policy lapsed. The decedent, in order to renew his policy and induce the defendant to accept the overdue premium, made, and on February 13, 1890, delivered to the defendant a warranty in writing, in the form of an application for re-instatement, in which he declared that he was then in sound health and free from any symptoms of disease, and there was then no condition of his person or occupation tending to impair his health, injure his constitution or shorten his life, and that he had not been sick or required the services of a physician, and that there had been no change in his family history or physical condition since the date of said policy. The defendant thereupon accepted the overdue premium and re-instated the policy.

The defense is that the statements and warranty aforesaid were false and untrue.

The further material facts are stated in the opinion.

*Louis C. Whiton* for appellant. Inasmuch as the sworn proof of claim of the plaintiff showed facts which absolutely defeated her claim, she should not have been allowed to contradict these statements until she herself had explained her alleged mistake. (*Ins. Co.* v. *Newton*, 22 Wall. 32.) But

even conceding that the statements by the claimant in her proofs, accompanied by the statements in the affidavit of the doctor, were not conclusive against her, nevertheless it is perfectly clear that these statements established a *prima facie* case in favor of the defendant, and shifted the burden of proof. (*B. L. T. & S. D. Co.* v. *K. T. & M. M. A. Assn.*, 126 N. Y. 450; *Tuthill* v. *U. L. Ins. Assn.*, 56 N. Y. S. R. 226; *Cluff* v. *M. B. Ins. Co.*, 99 Mass. 317; Best on Ev. § 268; *Seybolt* v. *N. Y. & E. R. R. Co.*, 95 N. Y. 568.) The application for re-instatement was a warranty, and the contract upon which the lapsed policy of John L. Spencer was re-instated, and the defendant was justified in relying upon the absolute truth of all the declarations contained therein. (*Hallenbeck* v. *B'nai B'rith*, 54 N. Y. 580; *Smith* v. *N. B. Assn.*, 123 id. 85.)

*Carlton P. Pierce* for respondent. The burden on the plaintiff of proving his cause of action, or on the defendant of establishing his affirmative defense, does not shift. (*Lamb* v. *C. & A. R. R. & T. Co.*, 46 N. Y. 279; *Heinemann* v. *Heard*, 62 id. 455; *Claflin* v. *Meyer*, 75 id. 263, 264; *Heilmann* v. *Lazarus*, 90 id. 506; *Stewart* v. *Stone*, 127 id. 506.) The warranties in the application for re-instatement, other than that of good health, were surplusage. (*Lovick* v. *P. L. Assn.*, 21 Ins. L. J. 332; *Dennis* v. *M. B. Assn.*, 120 N. Y. 496; *Goldschmidt* v. *M. L. Ins. Co.*, 102 id. 486.) Dr. Westcott was called by plaintiff and examined to prove that Spencer was in good health on February 13, 1890, and as to that matter defendant was allowed to cross-examine him fully. In the course of the cross-examination defendant's counsel asked him about a transaction which occurred more than a year before that date; and then, after he had left the stand, he offered these statements in evidence. This was error. (1 Greenl. on Ev. § 449; *Furst* v. *S. A. R. Co.*, 72 N. Y. 545; *Morris* v. *A. A. R. R. Co.*, 116 id. 556, 557; *People* v. *Greenwall*, 108 id. 301.)

ANDREWS, Ch. J.   The insured, John L. Spencer, in his application for re-instatement dated February 13th, 1890, warranted that he was in sound health, and a breach of this warranty was the defense on the trial.   The insured died May 7th, 1890.   The plaintiff is the widow of the insured and the beneficiary named in the policy.   The policy was for $3,000, and the company bound itself thereby to pay out of the death fund to the plaintiff the said sum "upon acceptance of satisfactory proof at its home office of the death of John L. Spencer during the continuance of the policy."   The plaintiff on or about the 13th day of August, 1890, delivered to the defendant proofs of the death of the insured, consisting of verified answers to questions prepared and furnished by the company. One series of questions were answered by the claimant and another by the attending physician of the deceased.   In both series the affiants in substance declared in answer to questions upon the point that the illness of which the insured died commenced February 6th, 1890.   The physician stated that the immediate cause of death was "acute Bright's disease of the kidneys," and that his sickness commenced with a catarrhal cold.   It does not appear that any action was taken by the company on receipt of the proofs delivered on the 13th of August, either by way of acceptance or rejection.   Subsequently, in November and before the commencement of the action, supplementary affidavits of the plaintiff, the attending physician and the daughter of the deceased, were served on the company, correcting the statement made in the affidavits previously served and fixing the time when the last illness of the deceased commenced as the 16th of February instead of the 6th of February, the date specified in the former proofs, and explaining the discrepancy.   The explanation in substance was that the date in the first instance was fixed by reference to a memorandum of professional visits made by the physician to the family of the deceased, and that the entry of February 7th related to a visit made on account of the illness of the daughter and not of the father, who was then in good health and so remained until February 16th.   On the trial the physi-

cian and the daughter of the deceased were sworn and gave evidence tending to confirm the facts stated in the supplementary affidavits. The plaintiff was not sworn on the trial.

The only point seriously urged for the reversal of the judgment arises upon the claim of the defendant that, under the circumstances, the burden of proof was upon the plaintiff to establish that the insured was in good health on the 13th of February, 1890, when the policy was re-instated. The question is raised by exceptions to refusals to charge and by an exception to the charge made, " that as evidence stands the plaintiff is entitled to recover, unless the defendant satisfies the jury by a fair preponderance of evidence that John L. Spencer was not in good health at the time of the re-instatement, February 13th, 1890." There was no error in the charge or in the refusal to charge that the burden was upon the plaintiff to show that the insured was in good health when the policy was re-instated. The representation made by the insured at that time was a warranty. The answer alleged a breach of the warranty. This was a defense which the defendant was bound to establish to the satisfaction of the jury. It was an affirmative issue interposed by the defendant, and the burden of establishing an issue is upon the party tendering it. The only proof upon which the defendant relied was the admission in the original proofs of loss that the illness of the deceased commenced February 6th, 1890. This was competent evidence in support of the issue, because it was an admission by a party to the record against her interest. But it raised no estoppel. No action had been taken based on the original proofs which changed the situation of the defendant. The original proofs were subject to correction, and the company were advised by the subsequent affidavits of the claim that the date of the first illness in the original proofs was incorrectly given, and that in fact it was subsequent to the re-instatement of the policy, and proof to substantiate the allegation of mistake was given on the trial. It was for the jury to weigh the evidence, the admission on the one side and the proof of the actual fact of the date of the illness in connection with the

explanation of the admission on the other. The burden of proof was not changed by the admission. Unexplained it would have been conclusive, and the defense would have been made out. But when explained it lost its significance, provided the jury accepted the explanation. When the evidence was all in it was for the jury to say whether, upon the whole evidence, the breach of warranty had been established by a preponderance of evidence. The burden of this issue at no time during the trial shifted from the defendant to the plaintiff. What the plaintiff did was simply to prove facts tending to break the force of the fact relied upon by the defendant, and to show that the admission in the original proofs was the result of mistake or misapprehension. It was not necessary that the plaintiff should offer herself as a witness to prove or explain the mistake. It could be established by the testimony of other witnesses. The cases in this court upon the burden of proof, and that it is not changed by evidence which, unexplained, makes out a *prima facie* defense, are conclusive against the point upon which the defendant relies. (*Lamb* v. *C. & A. R. R.,* etc., *Co.,* 46 N. Y. 279 ; *Heinemann* v. *Heard,* 62 id. 455 ; *Goldschmidt* v. *Ins. Co.,* 102 id. 486.)

The judgment should be affirmed.

All concur.

Judgment affirmed.