KIPP v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

1. LIFE INSURANCE—DEFENSES—EVIDENCE—PROOF OF LOSS.
    A life policy provided that proofs of loss should contain answers to questions propounded to physicians, and such proofs should be evidence of the facts therein stated, in behalf of the insurance company; and a statement of the attending physician in such proofs provided that his certificate should be considered a part of the proofs of death. This statement

alleged that the cause of death of insured was chronic disease of the heart. and asthma, and that he had prescribed for deceased for such diseases several times "in the last four years," which was prior to the date of the policy, and that deceased was afflicted with chronic heart trouble. The policy provided that it should be void if insured had been attended by a physician for any serious disease before its date. *Held*, that the proofs of death were competent evidence in support of the defense that insured had been treated. for a serious disease before the date of the policy.

2. SAME.

Statements of witnesses that they knew the insured, and that she apparently was in robust health, were insufficient to discredit the positive statements of the physician that he had treated her for heart disease.

Appeal from trial term, Orange county.

Action by Anna Kipp against the Metropolitan Life Insurance Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Bert Hanson, for appellant.

Frank Lybolt (John W. Lyon, on the brief), for respondent.

WILLARD BARTLETT, J. This action was brought to recover $290 upon a policy of insurance issued by the defendant, under date of August 3, 1896, upon the life of Susan Hummell, who died on. March 11, 1898. The policy was assigned to the plaintiff during the lifetime of the insured. Among the conditions of the policy is one which provides that it "is void if the insured, before its date, has been. rejected for insurance by this or any other company, or has been attended by a physician for any serious disease or complaint, or has had before said date any pulmonary disease or chronic bronchitis or cancer, or disease of the heart, liver, or kidneys." The answer averred; among other things, that before the date of said policy the insured had been attended by a physician for a serious disease and, complaint, and that she had theretofore had disease of the heart and. a pulmonary disease, by reason of which facts the policy was null, void, and of no effect. This was the principal defense litigated upon the trial. To support it the defendant introduced in evidence proofs. of death received from the plaintiff upon blanks furnished by the defendant corporation. The policy provided that such proofs should contain answers to each question propounded to the claimant, physicians, and other persons, and that all the contents of such proof should be evidence of the facts therein stated, in behalf of the insurance company, but not against it. At the head of the statement of the attending physician contained in such proofs is a paragraph in these words:

"It is hereby admitted and agreed that this certificate of Dr. F. W. Dennis. shall be considered as part of the proof of death under policy No. 13,615,922, in accordance with the conditions of said policy."

This paragraph was signed by Anna Kipp, the plaintiff in the present action. It is followed by the sworn statement of Dr. F. W. Dennis, the physician who attended Susan Hummell in the illness. which resulted in her death. From this statement it appears that

the chief or primary cause of the death of the insured was "organic disease of the heart, asthma, and dropsy." In answer to the ninth question in the statement, "For what disease or diseases have you at any time attended deceased, and what was their duration?" Dr. Dennis answered that he first attended the insured in December, 1895, for heart disease and asthma and cold; that he attended her two or three other times, of which he had no record; and that he attended her on March 9, 1898, for organic heart disease, asthma, and dropsy, the diseases of which she died. The tenth question on the statement is: "Did you ever attend or prescribe for deceased, except as stated in answer to question 9?" to which the physician responded: "I have prescribed for deceased several times in the last four years. Always for same trouble." In response to another question in the statement, as to whether deceased was afflicted with any infirmity, deformity, or chronic disease, the doctor answered, "Valvular lesions of heart."

It is quite clear, under the authorities, that the statements which have been quoted from the proofs of death constituted competent evidence in support of the defense that the insured had been treated for a serious disease before the date of the policy. Spencer v. Association, 142 N. Y. 505, 37 N. E. 617. "They operated as admissions by her of a material fact, and were competent evidence against her, under the rule as to admissions against interest." Hanna v. Insurance Co., 150 N. Y. 526, 44 N. E. 1099. But the proofs of death were not conclusive against the plaintiff. She was at liberty to offer any evidence which she could, to contradict or qualify the statements therein contained. The learned trial judge submitted the case to the jury on the assumption that such contradictory or qualifying proof had been adduced in her behalf, but I am unable to find anything in the record to justify this view. It seems to me that the statement of the attending physician that he had treated the deceased for heart disease in December, 1895, more than six months before the date of the policy, stands absolutely without any contradiction in the evidence, and that, in the absence of denial or explanation, it should have been regarded as conclusively establishing the defense. Spencer v. Association, supra. The court below thought that the verified declaration of Dr. Dennis was met by the statements of lay witnesses who testified as to the physical condition of the insured, to the effect that Susan Hummell, during their acquaintance with her, was apparently in robust health, and able to do the hard labor of a woman engaged in earning her own living as housekeeper and dressmaker. I cannot perceive, however, that this evidence tends in the least to discredit the positive statements of the physician that he treated her for heart disease prior to the date of the policy. It was one of the conditions of the policy that it should be void if the insured, before its date, had been attended by a physician for any serious disease or complaint. There is nothing to show that the existence of heart disease is incompatible with a condition which would appear to be that of good health in the eyes of persons unskilled in medicine. It seems to me, therefore, that this evidence as to the physical appearance of the insured in no wise affected the

weight to be given to the proof furnished by the certificate of Dr. Dennis. If this condition in the policy is valid, I see no escape from the conclusion that the defendant was entitled to prevail, on the proof in the record before us, unless it can be held that the heart disease mentioned in the certificate of Dr. Dennis is not a serious disease or complaint, within the meaning of the policy. It seems to me that the phrase necessarily imports a malady of a serious character. Furthermore, I think that, construing the physician's statement in the proofs of death as a whole, it amounts to a declaration that the heart disease for which he attended Susan Hummell in 1895 was the same organic disease of the heart which caused her death. In this view, it can hardly be contended that the disease was not serious.

But it is insisted in behalf of the respondent that the condition which makes the policy void if the insured has ever been attended by a physician for any serious disease should be regarded as too unreasonable to be enforced by the courts. "It is impossible," says the learned counsel for the plaintiff, "for any person to say whether or not he has ever been attended by a physician for a disease, and equally so whether it were a serious disease for which he was attended." This argument, however, has no force in the case at bar; for it was clearly proven, by the testimony of a witness in whose family the insured had worked, that in the latter part of 1894 she told him she had asthma and heart trouble, and that in 1895, while she was at his house, she was under the treatment of Dr. F. W. Dennis. The same witness also testified that she told him for what Dr. Dennis was treating her, and said it was for her asthma and heart trouble. This evidence does not appear to have been admissible to prove the fact that the insured was then suffering from heart disease. Dilleber v. Insurance Co., 69 N. Y. 256. But if it was essential, as was suggested by the argument for the respondent, for the defendant to show that the insured knew that she had been treated by a physician for a serious disease before the date of the policy, the testimony was competent for that purpose, and established the possession of such knowledge on her part, being wholly uncontradicted.

For the foregoing reasons, I feel constrained to vote for a reversal of the judgment.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.