(50 App. Div. 473.)

TRUDDEN v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department.   April 14, 1900.)

1. LIFE INSURANCE — APPLICATION — ANSWERS TO QUESTIONS — WARRANTIES — PROOFS OF DEATH AS EVIDENCE—FALSITY OF ANSWERS—EVIDENCE—APPLICATIONS TO OTHER COMPANIES—PROOFS OF DEATH TO OTHER COMPANIES—REJECTION BY OTHERS.

Answers to questions in an application for life insurance were made warranties, and insured, in answering, stated that he had never had kidney disease, and that he had not been attended by a physician within two years.  By the contract, proofs of death were made evidence against insured, and the proofs made by a physician stated that less than two years prior to the application he had attended insured for acute kidney disease, and that he died of Bright's disease, contributed to by uræmia pulmonary œdema.   In an action on the policy the application and proofs of death were in evidence, and the physician making the proofs examined, but there was no showing that the statements in proofs of death were not true. *Held*, that the falsity of the answers was established, and, they being warranties, there could be no recovery.

2. SAME—EVIDENCE—APPLICATION TO OTHER COMPANIES.

Where, in an action on a life insurance policy, defendant claimed the policy void by reason of falsity of answers in the application, which answers were made warranties, applications made by insured to other companies were not admissible as admissions against insured, unless it were first shown that the answers in such applications which purported to have been made by insured were in fact made by him.

3. SAME—EVIDENCE—PROOFS OF DEATH TO OTHER COMPANIES.

Statements in proofs of death furnished to other companies were not admissible as evidence against the insured, where there was no primary testimony as to the cause of death. ·

4. SAME—EVIDENCE—REJECTION BY OTHER COMPANY.

It was not competent to prove a rejection of the insured, as showing his physical condition, on an application for insurance with another company by the physician who made the examination for that company, since the fact of rejection, assuming it to exist, proved nothing as to insured's condition.

Appeal from municipal court of New York.

Action by Ellen Trudden, administratrix, etc., of the estate of George Hayes, deceased, against the Metropolitan Life Insurance Company.   From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Grout, Mayer & Hyde, for appellant.
Manley & Wadley, for respondent.

HATCH, J.   This action is brought to recover upon a policy of life insurance, issued by the defendant, insuring the life of George Hayes. The answer, among other things, avers a breach of warranty in the representations and answers in the application made by the said Hayes, upon which the defendant acted and relied in issuing its policy of insurance, and which formed a part of the contract between the defendant and the insured.   The specific things wherein it is claimed that there was breach of warranty by the insured are in representing that he had never had disease of the kidneys, that at the

date of the application he was in sound health, and that he had not been attended by a physician within two years prior to the application. The answers to these questions, as contained in the application for the insurance, were in form strict warranties; and, if any one or all were in fact false, it vitiates the contract of insurance. Dwight v. Insurance Co., 103 N. Y. 341, 8 N. E. 654; Foot v. Insurance Co., 61 N. Y. 570. The proofs of death which were filed with the company were made by the physician who attended the insured in his last illness, and therein is contained the statement that the deceased died of chronic Bright's disease, and contributing thereto as a secondary cause was uræmia pulmonary œdema. It was further stated by the physician that he attended the insured for acute kidney disease on the 1st day of December, 1897, and that the duration of the attack was 2½ months. The policy bore date September 2, 1898. So that, if such statements as are contained in the proofs of death were true as matter of fact, then it would follow that there was breach of warranty of the statements that the insured had not, prior to the application, had kidney disease, and that he had not been attended by a physician within two years prior to the date of the application. The proofs of death were competent evidence to establish the breach of warranty. They were made evidence by express stipulation in the application, and are recognized as competent evidence in support of the claim that the representations and warranties were false. Kipp v. Insurance Co., 41 App. Div. 298, 58 N. Y. Supp. 494. It is quite true that the defense interposed in this action was an affirmative defense, the burden of establishing which rested upon the defendant. Dougherty v. Same, 3 App. Div. 313, 38 N. Y. Supp. 258. The proofs of death, while evidence in favor of the defendant upon such questions, are not conclusive, and may be shown to be either false in fact or mistakenly made; and, if there be proof in the case contradictory of the statements contained in the proofs of death, it would undoubtedly raise a conflict of proof upon which the court would be authorized to find the fact different from that stated in the proofs of death. In the present case, however, the physician who attended the plaintiff in his last illness was called as a witness by the defendant, and testified that he made the proofs of death, and verified the same. He was not asked whether the proofs of death and the facts stated therein were true or not. He was asked by counsel for the defendant, in respect to certain other proofs of death upon a policy of insurance in the John Hancock Insurance Company, whether the statements therein contained were true or not, and, upon objection being interposed, such testimony was excluded. But he was not interrogated by either counsel in respect to the truthfulness of the statements made in the proofs of death which were filed with the defendant. If such statements were not true, or if there was any mistake therein, the plaintiff had full opportunity to make examination, and correct whatever of error there was therein. Failing in this, we think that, in the absence of all other testimony, it must be taken as a fact established that deceased was attended by the physician for acute kidney disease within two years prior to the date of the application. This being established, there was a clear breach of warranty of the repre-

sentations made to procure the insurance, which defeats a recovery thereon. This conclusion leads to a reversal of the judgment.

There were, however, upon the trial several questions relating to the order of proof, and also rulings upon questions of evidence, on which it is perhaps proper that we should express our views as a guide upon another trial. Under the pleadings in this case the plaintiff was not bound, in the first instance, to do more than prove her policy, and the ruling in that respect was proper. Dougherty v. Insurance Co., supra. So far as applications were made by the insured to other companies to procure insurance, such applications were not admissible in evidence as constituting admissions against the insured, unless it was first shown by competent testimony that the answers which purported to have been given by the insured were in fact made by him. Upon such proof being made, the applications might be received as part of such statements, and in order to certainly evidence the same. The proof in this case did not answer this requirement, and consequently the applications were properly rejected. We think the same rule must also obtain as to proofs of death filed with other insurance companies. They could not be evidence against the insured in favor of this defendant. Primary testimony as to the cause of death in such case would be required, as there is no statute authorizing their admission in evidence, nor is any authority called to our attention holding them to be competent. Neither is it competent to prove a rejection of the insured, as showing his physical condition, on an application for insurance, by the physician of another company making the examination. If the defendant desires to avail itself of proof respecting such subjects, it must show the condition of the insured by the person who had knowledge thereof, as the fact of rejection, assuming it to exist, would prove nothing. These seem to be the main questions upon which contest was had at the trial. The judgment should be reversed, and a new trial ordered.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.