## DONNELLY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term.   February 23, 1904.)

**1. LIFE INSURANCE—PROOFS OF DEATH—EVIDENCE.**

A provision in a life policy that the proofs of death shall be evidence of the facts therein stated in behalf of, but not against, the insurer, is valid.

**2. SAME—GOOD HEALTH OF INSURED.**

Under a life policy providing that the contents of proofs of death should be evidence in behalf of, but not against, the insurer, a physician's certificate, contained in proofs of death, and stating that the physician had treated deceased for chronic pulmonary tuberculosis from a certain date till his death, was competent evidence to show that deceased was not in good health at a date later than that at which the treatment commenced, and on which the policy had been revived on condition that insured was then in sound health.

**3. SAME.**

Testimony by the mother of deceased that he was in good health on a date four days later than the revival of the policy, and by another witness that she had known deceased about four years prior to his death, and saw him, five days before his death, carrying a basket of clothes home for his mother, did not tend to disprove the certificate of death.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Margaret Donnelly against the Metropolitan Life Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Rich, Woodford, Bovee & Butcher, for appellant.

J. Sidner Bernstein, for respondent.

FREEDMAN, P. J.   This action was brought upon a policy of life insurance issued by the defendant upon the life of one John Donnelly for the sum of $60, payable to plaintiff.   By reason of default in payment of the premiums thereon, the policy had lapsed, and on July 27, 1903, was revived; the clause reviving the same containing the following condition:   "This policy having lapsed is hereby revived upon condition that the insured is in sound health."   The insured died August 28, 1903, and the plaintiff duly filed proofs of death; such proofs containing, among other papers, a certificate of the attending physician. The policy contained this provision:   "All the contents of such proofs of death shall be evidence of the facts therein stated in behalf of but not against the company."   A condition identical with this was considered in Howard v. Met. Life Ins. Co., 18 Misc. Rep. 74, 41 N. Y. Supp. 33, and was held to be valid; Mr. Justice Bischoff writing the opinion, and saying:   "Such a condition is not invalid in its nature, it being competent for the parties to agree as to the effect which a certain form of evidence shall have, in determining questions arising between them; and in the present instance the condition was expressed in most unmistakable terms."   See, also, Dwight v. Germania Life Ins. Co., 103 N. Y. 346, 8 N. E. 654, 57 Am. Rep. 729; Wieder v. Union Surety & Guarantee Co. (Appellate Term, December, 1903) 86 N. Y. Supp. 105.

The defendant herein showed by such proofs of loss, by the physician's certificate aforesaid, that the deceased had been treated by said physician from July 20th to the time of his death for chronic pulmonary tuberculosis, and that consequently he was not in sound health when his policy was revived on July 27, 1903. This was competent testimony in support of the defendant's contention that the deceased was not in good health when his policy had been revived. Spencer v. Citizens' Mut. Life Ins. Co., 142 N. Y. 505, 37 N. E. 617. To overcome this testimony, the plaintiff testified that her son (the deceased) "was in good health on August 1, 1903"; and another witness testified that she had known the deceased for about four years prior to his death, had seen him frequently during that time, and saw him, five days before his death, "carrying a basket of clothes home for his mother." This testimony is of no force whatever, and in no way tends to disprove the statements contained in the certificate of death. Kipp v. Met. Life Ins. Co., 41 App. Div. 300, 58 N. Y. Supp. 494.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.