(91 App. Div. 597.)

PECK v. WASHINGTON LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department. March 18, 1904.)

1. LIFE INSURANCE—AGENCY.
    Where a married woman was appointed general agent of a life insurance company, but her husband acted for her, with the knowledge of the officers of the company, he had the authority of a general agent.

2. SAME—POWER OF AGENT—PAYMENT OF PREMIUM.
    The general agent of a life insurance company has authority to waive immediate payment of the premium on delivery of a policy.

---

¶ 2. See Insurance, vol. 28, Cent. Dig. § 957.

3. SAME—ASSIGNMENT—RATIFICATION.
    Where a life insurance policy was delivered by one having the authority of insurer's general agent without payment of the premium, and insured on the day of delivery assigned it to the general agent, the subsequent acceptance of the premium by the insurer, with knowledge of the assignment, gave complete force and effect to the contract on the date of delivery.

4. SAME—VALIDITY.
    The assignment of a life insurance policy, on the day it is delivered to insured, to a person nominally acting as general agent of the insurer, does not vitiate the policy, in the absence of any fraud.

5. SAME—APPLICATION—HEALTH OF APPLICANT—EVIDENCE.
    That an applicant for life insurance had a canker sore on his tongue at the time of the application, which subsequently developed into a cancer, from an operation on which he died, did not establish, in an action on the policy, that the applicant had a cancer at the time of the application, or had then any reason to believe that the sore was a cancer.

6. SAME—BURDEN OF PROOF.
    In an action on a life policy, the burden was on the insurer to show that a canker sore on the tongue of insured at the time of the application was a cancer, or that he believed it to be such.

Appeal from Special Term.

Action by Nellie E. Peck against the Washington Life Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

David Thomson, for appellant.

Robert B. Honeyman, for respondent.

WOODWARD, J.  This action is brought to recover $2,500 upon a certain life insurance policy issued upon the life of one William R. Plyer, this policy having been assigned to the plaintiff. It appears that Edward M. Peck, the husband of the plaintiff, was under contract with the New York and Manhattan Life Insurance Companies, and his wife, for convenience, entered into a contract with the defendant as its agent. The answer, in its eighth separate defense, alleges that "the plaintiff, by agreement bearing date August 27, 1900, was duly appointed a general agent of the defendant 'for the purpose of procuring applications for life insurance and effecting such insurance as shall be satisfactory to said company,' and thereby agreed to 'act exclusively for the Washington Life Insurance Company'"; but it appears from the evidence, without dispute, that the husband actually carried on the business, with the aid of a bookkeeper, and the transaction out of which this controversy arises was conducted by him. Mr. Plyer had occupied deskroom in the office with Mr. Peck. On the 10th day of October, 1901, Mr. Peck procured an application from Mr. Plyer, the application contemplating $12,500 of insurance upon the ordinary life plan. This the defendant refused to write, alleging as a reason that there were defects in the family history which made it imprudent to do so; but one of the officers of the company suggested that the defendant would write two 20-year endowment policies, for $2,500 each, which would cost about the same as the insurance asked

for in the application. Mr. Peck accepted this suggestion, and the policies were written and delivered to Mr. Peck about the 28th day of October, 1901. A letter was written to Mr. Plyer, who came to Mr. Peck's office on or about the 1st day of November, at which time the policies were delivered into his possession. He examined them, discovered that they were not the policies which he had requested, and had some negotiations with Mr. Peck in reference to them; insisting at the same time that he desired a $10,000 regular life policy. Mr. Plyer consented to take the policies. One of them he took absolutely, and the claim upon this one has been paid. The other he took with an understanding that Mr. Peck should take an assignment of the same, and should carry it during the time that he was negotiating a $10,000 regular life policy with the defendant or some other company, and Mr. Plyer was to have the option of buying the policy back by repaying the amount of the premiums. If the $10,000 policy was secured, then Mr. Peck was to have the right to continue paying the premiums on this assigned policy, or to cancel it, as he might see fit. In pursuance of this arrangement, and at the suggestion of Mr. Peck, Mr. Plyer executed an assignment of the policy in suit to the plaintiff. Mr. Plyer died on the 29th of the following March; plaintiff's assignment in the meantime, and on the 27th of February, having been filed with the defendant company, which now refuses to make payment. The above facts are either conceded or are not seriously disputed, and, at the close of the evidence, both parties moved for a direction of a verdict. The learned trial court discharged the jury and reserved decision, subsequently handing down a decision in the short form, as though the case had been tried by the court without a jury. From the judgment entered upon this decision, to which the defendant has filed exceptions, the latter appeals to this court.

The defendant, in its answer, alleges fraud in the inception of the contract, and insists that it is not a valid and binding agreement. Upon this appeal, it having failed to establish by evidence the fraud alleged, it is insisted that, the relation of principal and agent existing between the plaintiff and defendant, the former is bound to prove affirmatively that the delivery of the policy was free from any taint of suspicion, and that it was delivered and the first premium paid during the lifetime and good health of William R. Plyer. Primarily the issuing of the policy was the act of the defendant, upon an application secured by the plaintiff's husband, with the knowledge of the facts in possession of the defendant. While there was a nominal contract relation of principal and agent existing between the plaintiff and defendant, the latter was fully aware of the true situation, and the policy in question was delivered to the plaintiff's husband for delivery to the insured, and this policy was in fact delivered to Mr. Plyer on the 1st day of November, within a few days of the time it was sent to Mr. Peck. The fact that the first premium was not paid at that particular time, it having been subsequently paid to and retained by the defendant, is of no particular importance, in the absence of fraud. Mr. Peck, acting for his wife, with the knowledge of the defendant's officers, and being in possession of the policy, was clothed with the authority of a general agent in taking applications and delivering the

policies, and as such agent he had the authority to waive the immediate payment of the premium. Ames v. Manhattan Life Ins. Co., 31 App. Div. 180, 187, 52 N. Y. Supp. 759, and authority there cited; Genung v. Metropolitan Life Ins. Co., 60 App. Div. 424, 429, 69 N. Y. Supp. 1041. The subsequent payment of the premium, accepted and retained by the defendant with knowledge of the assignment of the policy to the plaintiff, gave complete force and effect to the contract on the 1st day of November, 1901. If we are right in this proposition, and if the policy became vested in Mr. Plyer on the date mentioned, there is no further question in this case. If there was no fraud in the delivery of the policy on the 1st day of November, and if Mr. Plyer became the owner of a chose in action, and could have been compelled to pay the premium, his subsequent transfer to the plaintiff in this action was not a transaction between the principal and. agent in any sense. It was between the plaintiff and Mr. Plyer, as to which the defendant is not concerned. It practically admitted, by the payment of the second policy, issued at the same time and under the same circumstances, as appears from the evidence, that the policy in suit was a good contract as between Mr. Plyer and itself, but it is apparently of opinion that it was in some manner vitiated by the fact that it was assigned to the defendant's nominal agent. We are of opinion that this contention is not justified, and that the defendant has no defense, unless it .can prove the fraud in the delivery of the policy. The relation of the plaintiff to this policy is not that of the agent of the defendant, but as the assignee of Mr. Plyer; and the question of whether she gave anything for this assignment does not concern the defendant, which is simply called upon to carry out the contract which it made with Mr. Plyer to pay him, or his representatives or assigns, the amount of the policy which it issued, with a full knowledge of the facts, upon its own terms. It knew the family history of the assured; there is no suggestion that there was any failure to answer fully and fairly all of the questions asked by the medical examiner; and the fact that the defendant refused the policy asked for, and substituted a new contract, which the insured accepted, goes to show that there was a full opportunity for the defendant to know the character of risk it was assuming. The plaintiff's assignor, in answering that he had never had a cancer, is not shown to have acted in bad faith, or to have misstated the truth as he knew it. He told the medical examiner that he had had a canker sore on his tongue, and this fact appears in the record of that examination; and, if there was any reason to anticipate danger from such canker, it .was the duty of the medical examiner to have determined that fact. Because the insured subsequently developed a cancer upon his tongue, and because he subsequently died from the effects of blood poisoning growing out of an operation, does not establish that he had a cancer at the time of the examination, or that he had any reason to believe that the canker sore was in fact a cancer, and the burden of proof was upon the defendant upon this proposition. Spencer v. C. M. L. Ins. Ass'n, 142 N. Y. 505, 509, 37 N. E. 617.

The suggestion that this was a wager policy is not borne out by the facts appearing in the evidence. The policy was made payable to

the legal representatives of William R. Plyer, and it was delivered to him. If the delivery took effect—and we believe, under the authorities, that it did—it became a valid contract; and it is well settled in this state that, when a policy of insurance has been issued which is valid in its inception, an assignee of that policy may maintain an action upon it. Ames v. Manhattan Life Ins. Co., supra.

The judgment appealed from should be affirmed, with costs. All concur.