(45 Misc. 597)

### CARMICHAEL v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Term.   December 7, 1904.)

1. LIFE INSURANCE—PROOF OF DEATH—PHYSICIAN'S CERTIFICATE—EVIDENCE.

In an action on a life insurance policy, the certificate of the attending physician, having been delivered by the plaintiff to the defendant as a part of the proofs of death, was not privileged, but competent evidence on the trial as an admission against interest.

2. SAME—APPLICATION—WARRANTY—INSERTION OF FALSE ANSWER BY AGENT.

In an action on a life insurance policy, in which the defense was a breach of warranty as to the truthfulness of the insured's answers in the application, it was permissible for the plaintiff to show that insured gave truthful answers to the examiner, who wrote them falsely in the application.

3. SAME—APPEAL.

The evidence being competent, and the specific objection that the plaintiff should have alleged the facts thus at variance with the application, which was a part of the complaint, not having been made on the trial, there was no error in admitting the evidence.

Appeal from City Court of New York, Trial Term.

Action by Elizabeth Carmichael against the John Hancock Mutual Life Insurance Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

Leonard J. Langbein, for appellant.
Nathaniel Levy, for respondent.

BISCHOFF, J.   The action being upon a policy of life insurance, with a defense of breach of warranty as to the truthfulness of the insured's answers in the application for the insurance, the defendant offered in evidence the certificate of the attending physician, which had been delivered by the plaintiff to the defendant as a part of the proofs of death under the policy.   The paper, which showed a cause of death inconsistent with the truth of the answers warranted by the application, was excluded, and the exception to the ruling presents reversible error.   The certificate of the attending physician, when made a part of the proofs of death, is competent evidence on the trial as an admission against interest (Donnelly v. Ins. Co., 43 Misc. Rep. 87, 86 N. Y. Supp. 790; Hanna v. Ins. Co., 150 N. Y. 526, 44 N. E. 1099); and the cases which hold that such a certificate, when offered, as such, without the characteristics of an admission by the plaintiff, may be excluded as privileged (Robinson v. Supreme Commandery, 77 App. Div. 219, 79 N. Y. Supp. 13; Davis v. Supreme Lodge, 165 N. Y. 159, 58 N. E. 891), do not apply.   Where the certificate has been delivered among the proofs of death, its character as proof is derived not from what the physician declared, but from what the plaintiff has admitted to be the fact; i. e., the cause of death, and the privilege

¶ 2. See Insurance, vol. 28, Cent. Dig. § 999.

which she might assert to exclude the evidence of the physician does not extend to evidence of what she has herself admitted.

The appellant also contends that error was committed in the reception of evidence to show that the assured gave truthful answers to the examiner, and that the latter wrote them falsely in the application. This evidence was competent (Sternaman v. Met. Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625; Ames v. Ins. Co., 40 App. Div. 472, 58 N. Y. Supp. 244), and the contention that the plaintiff should have alleged the facts thus at variance with the application, which, as it stood, was made a part of the complaint, is raised for the first time on appeal. If the proof offered was inconsistent with the theory of action as disclosed by the complaint, the objection should have been directed to that point; but it was not, and the court ruled properly upon the objection as it was presented. For the error above noted, however, there must be a new trial.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.