### PEARL v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

TRIAL (§ 26*)—ADJOURNMENTS—ATTENDANCE OF WITNESS.

 Though his counsel had not prepared affidavits of service, plaintiff should have been given opportunity to issue an attachment for, or procure attendance of, on the following day, a witness who had been subpœnaed and had waited in the courtroom for three hours during the trial, and had left; the trial not being concluded at a late hour in the afternoon. '

 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 42; Dec. Dig. § 26.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Ella Pearl against the Metropolitan Life Insurance Company. From a judgment for defendant, entered by direction of the court at the close of the entire case, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Davis, Doyle & Davis, of New York City (John B. Doyle, of New York City, of counsel), for appellant.

Woodford, Bovee & Butcher, of New York City (Frederick C. Tanner, of New York City, of counsel), for respondent.

GERARD, J. This action was brought by the plaintiff, as beneficiary, to recover on a policy of insurance issued by defendant upon the life of Rosie Pearl. This policy provided that no obligation was assumed by the company, unless on the date of issue "the insured was alive and in sound health," and further provided:

 "This policy is void if the insured before its date * * * has been attended by a physician for any serious disease or complaint, or has had before said date any pulmonary disease or chronic bronchitis or cancer."

It is claimed by the defendant that there were statements of evidence, contained in the proofs of death submitted by the plaintiff, tending to show that the deceased had suffered from cancer, and had been attended by a physician for a serious disease or complaint. Defendant contends that these statements were binding upon the plaintiff, unless and until explained away. See Kipp v. Metropolitan Life Ins. Co., 41 App. Div. 298, 58 N. Y. Supp. 494; Trudden v. Metropolitan

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Life Ins. Co., 50 App. Div. 473, 64 N. Y. Supp. 183; Donnelly v. Metropolitan Life Ins. Co., 43 Misc. Rep. 87, 86 N. Y. Supp. 790.

It appears from a reading of the record that the trial of the case was continued until nearly 5 o'clock in the afternoon, and plaintiff's attorney asked an adjournment because of the absence of a witness, one Dr. Schlansky, stating that this doctor had attended the insured prior to the issuance of the insurance policy, and that his testimony would be that he attended her frequently, and that the deceased did not have cancer, but eczema. Plaintiff's counsel stated that this witness had actually been in court, and had waited for three hours, and had left the court, and asked leave to file an affidavit showing that he had been subpœnaed. The court said that the only thing he could act on "would be evidence showing the subpœna of the witness, and then only if counsel asks for an adjournment to secure the witness' presence through attachment." Plaintiff's counsel assented to this. The court said that the counsel "had not been altogether diligent in not presenting it to the present time, when the trial has been practically concluded. I think I will have to conclude it now."

There is no obligation on counsel to prepare affidavits of service, when a witness who has been duly subpœnaed has waited in the courtroom for three hours during the trial, and who has left, the trial not being concluded at a late hour in the afternoon. I think that the plaintiff should have been given an opportunity to issue an attachment for Dr. Schlansky, or procure his attendance on the following day, and, because plaintiff was not given this opportunity, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.