Eva Shumowat, as Administratrix, etc., of Anna Maslowska, Deceased, Respondent, v. Metropolitan Life Insurance Company, Appellant.— In an action on two industrial policies of life insurance, identical in terms, judgment of the City Court of Yonkers in favor of plaintiff reversed on the law and the facts and a new trial ordered, with costs to appellant to abide the event. In our opinion (1) the verdict is against the weight of such evidence as was adduced as to whether the insured had received medical treatment for a serious disease or complaint within two years before the policies were issued, (2) the verdict is without support in the evidence in so far as it imports a waiver of the defense of previous rejection of the insured for insurance in respect of both the policies in suit, (3) the trial court erred in charging the jury that there is a presumption of sound health of the insured, and (4) the affidavit purporting to be a proof of death was only a notice of death and as matter of law did not constitute performance of the terms of the policies in that respect. Lazansky, P. J., Young, Carswell, Davis and Taylor, JJ., concur.

Andrew Skripko, as Administrator, etc., of Anna Skripko, Deceased, Respondent, v. The John Hancock Mutual Life Insurance Company, Appellant.— In an action on two industrial life insurance policies, identical in terms, defendant appeals from a judgment for plaintiff. Judgment of the City Court of Yonkers reversed on the law and the complaint dismissed, with costs to the appellant. We are of opinion that the plaintiff failed to sustain the burden of showing, as required by the policies, that the insured was in good health when the policies were issued and had not attended a hospital, and had not been attended by a physician, within two years before the policies were issued, for any serious disease or complaint. (Matejunas v. Prudential Ins. Co., 244 App. Div. 802.) We are of opinion, also, that plaintiff failed to show compliance with the binding terms of the policies relating to proofs of claim to be submitted to defendant. Submission of an affidavit by the plaintiff did not constitute such compliance. We do not pass upon the question whether, in view of the identity of the interest of an administrator of the insured under a policy of the kind involved here with the interest of another person named as beneficiary, admissions made in proofs of claim submitted to the insurance company by the beneficiary are prima facie proof against the administrator where he does not adopt or stand on such proofs. The appeal from the order denying appellant's motion to set aside the verdict and for a new trial is dismissed; there is no such order in the record. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.