NETTIE SCHNEIDER, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Plaintiff had the burden of proving that decedent was in sound health on the effective date of the policies. (*Skripko* v. *John Hancock Mut. Life Ins. Co.*, 249 App. Div. 783; *Matejunas* v. *Prudential Ins. Co.*, 244 id. 802.) The policies were dated December 11, 1935. The insured died on December 17, 1935. The attending physician's affidavit submitted by plaintiff as part of her proofs of death disclosed that decedent's health was impaired on December 9, 1935, and that he was under treatment for the disease which caused his death from December 10, 1935. " Of course it is not conclusive against her but is binding until corrected or explained." (*Rudolph* v.ˑ*John Hancock Mut. Life Ins. Co.*, 251 N. Y. 208, 214.) Evidence of decedent's physical appearance prior to the date of the policies is not sufficient to overcome the proof furnished by the attending physician's affidavit. (*Kipp* v. *Metropolitan Life Ins. Co.*, 41 App. Div. 298, 301.) The finding that the insured was in good health on the 11th day of December, 1935, is against the weight of the evidence. All concur, except Cunningham and Dowling, JJ., who dissent and vote for affirmance. (The judgment is for plaintiff in an action under life insurance policies. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

WILLIAM C. CULLITON, INC., Respondent, v. GRINNELL COMPANY, INC., Appellant, and BRYANT & DETWILER Co., INC., Respondent.— Judgments and order affirmed, with costs. All concur, except Taylor, J., who concurs in the affirmance of the judgment entered May tenth, but dissents and votes for reversal on the law of the judgment entered May ninth and for granting a new trial as to the defendant Grinnell Co. on the ground that there was error in excluding the specifications from the consideration of the jury. (The judgment entered May 9, 1939, is for plaintiff against defendant Grinnell Company, Inc., in an action to recover for work performed. The judgment entered May 10, 1939, dismisses the claim of defendant Grinnell Company, Inc., against defendant Bryant & Detwiler Co., Inc. The order denies motions of defendant Grinnell Company, Inc., for a new trial, and to set aside order on minutes dismissing its cross-claim.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

RALPH F. DARLING, Respondent, v. GEORGE V. P. SCHEU, Appellant.— Judgment and order reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: The record does not show any subsequent or new promise to pay the debt. All concur. (The judgment is for plaintiff in an action to recover for services performed. The order denies a motion for a new trial.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

PETER PASLAWICH, Respondent, v. ROESSLER-HASSLACHER CHEMICAL COMPANY (a New York Corporation) and Others, Appellants.— Order affirmed, without costs of this appeal to any party. All concur. (The order denies defendants' motion to dismiss plaintiff's complaint for failure to prosecute, and restores the action to the Supreme Court calendar.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.