SARAH HIRSCH, Individually and as Administratrix of the Estate of ADOLPH HIRSCH, Deceased, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.

First Department, January 28, 1944.

*Joseph H. Robins* of counsel (*Maxwell M. Booxbaum,* attorney), for appellant.

*Kenneth deF. Carpenter* of counsel (*Ferdinand H. Pease,* attorney), for respondent.

Cohn, J. The action was brought to recover benefits for total and permanent disability under a life insurance policy in the sum of $5,000 issued by defendant to plaintiff's intestate, the original plaintiff herein, who will hereinafter be referred to as the plaintiff.

It is not disputed that plaintiff was totally and permanently disabled within the meaning of the policy. The defense to the action is that the policy in suit had lapsed for nonpayment of a premium due February 15, 1934, and that in an application made on August 13, 1934, to reinstate the policy, the plaintiff made a false representation to the effect that he had not had any illness, nor had he been treated by a physician within two years prior thereto.

Plaintiff contended, *first,* that the policy had not lapsed and that the nonpayment relied upon by defendant for the lapse did not exist as such premium had in fact been paid and, *second,* that the purported application for reinstatement did not contain a material false representation.

Two policies were issued by defendant to plaintiff on February 15, 1927, one for $10,000, and the other for $5,000, the

latter being the policy involved in this action. Admittedly, the $10,000 policy lapsed for nonpayment of the premium due on February 15, 1934. Defendant contended that the $5,000 policy had also lapsed for a default in the payment of premium due on the same date but that it was reinstated upon the afore-mentioned application of plaintiff.

In support of its claim, defendant produced an application for reinstatement of the $5,000 policy dated August 13, 1934. Plaintiff conceded that the reinstatement application bore his signature but urged that the instrument was executed to rein-state, not the $5,000 policy, but the lapsed $10,000 policy; that the number and the amount of the $10,000 policy had been stricken from the application and that there were substituted instead the number and the amount of the $5,000 policy. The written application shows on its face that such changes were made. Furthermore, there was in evidence a receipt for the February 15, 1934, premium on the $5,000 policy and a letter of defendant dated November 1, 1934, which might be regarded by the jury as an admission that the policy involved here had not lapsed. If this premium had in fact been paid on February 15, 1934, or within the thirty-day grace period, the policy would, of course, have been in full force and effect on August 13, 1934, the date of the application for reinstatement of a policy.

Notwithstanding the controverted evidence, the court charged the jury that by applying for the reinstatement on August 13, 1934, plaintiff conceded that the policy in suit lapsed. In the light of the facts, the instruction was erroneous. There was a fair issue for the jury as to whether the $5,000 policy was actually lapsed on August 13, 1934. *Struhl* v. *Travelers Ins. Co.* (255 App. Div. 527, affd. 281 N. Y. 584) is not an authority for the court's statement. In that case there was but one policy, so that the application for reinstatement could only have been intended to apply to the one policy in suit. Here there was a sharp question as to which of two policies the application for reinstatement related to, that is, the $5,000 policy which was in suit or the $10,000 policy which was not.

Error was committed in excluding from evidence a letter written by plaintiff to the insurance company on February 10, 1942. In that communication, plaintiff sought to call attention to the fact that he had made a mistake in his proofs of claim in stating that the onset of his disability was February 17, 1934, whereas it had begun on August 15, 1941. We are of the opinion that the letter should have been admitted, not as proof of the facts therein stated, but as an amendment of

the original notice and to correct statements inadvertently made therein. Proofs of claim submitted by an insured to an insurance company are not conclusive. They may be changed and corrected, explained or rebutted by the insured. (*Wachtel* v. *Equitable Life Assur. Soc.*, 266 N. Y. 345, 351; *Rudolph* v. *John Hancock M. L. Ins. Co.*, 251 N. Y. 208, 214; *Spencer* v. *C. M. L. Ins. Assn.*, 142 N. Y. 505, 509, 510.) The letter barred by the court's ruling is no more self-serving than the proofs of claim. It properly forms a part of all the documents which constitute plaintiff's proofs of claim and must be considered in connection with the proofs first filed. Though the original documents submitted might be considered as containing an admission to the insurance company that the disability arose on February 17, 1934, such admission was plainly subject to explanation and correction, as attempted by the excluded letter.

In the *Spencer* case (*supra*) at page 509, the Court of Appeals stated the pertinent law as follows: " The original proofs were subject to correction, and the company were advised by the subsequent affidavits of the claim that the date of the first illness in the original proofs was incorrectly given, and that in fact it was subsequent to the re-instatement of the policy, and proof to substantiate the allegation of mistake was given on the trial. It was for the jury to weigh the evidence, the admission on the one side and the proof of the actual fact of the date of the illness in connection with the explanation of the admission on the other. The burden of proof was not changed by the admission. Unexplained it would have been conclusive, and the defense would have been made out. But when explained it lost its significance, provided the jury accepted the explanation. When the evidence was all in it was for the jury to say whether, upon the whole evidence, the breach of warranty had been established by a preponderance of evidence." In *Wachtel* v. *Equitable Life Assur. Soc.* (*supra*) the court in an opinion by LEHMAN, J. (now Chief Judge), said at p. 351: " Admissions, in proofs of claims to insurance companies, like other admissions, are subject to explanation. They are not conclusive, and proof may be presented that they are erroneous. * * *

" Explanation of an admission in proofs submitted to an insurance company may completely destroy the effect of the admission. Then the admission no longer has force to sustain an affirmative defense of the company [cases cited], or to nullify affirmative proof by the plaintiff."

The court also refused to permit plaintiff to testify orally for the purpose of explaining his error in the original proofs of claim. This was likewise erroneous.

As there must be another trial we think that we should call attention to the fact that portions of the court's charge which stated that plaintiff had the burden of proving that the policy did not lapse and that he did not commit fraud, though not excepted to, were incorrect. The law places not upon the insured but upon the insurer, the onus of establishing (1) a lapse of the policy (*Baxter* v. *B. L. I. Co.*, 119 N. Y. 450; *Howell* v. *Hancock Mut. Life Ins. Co.*, 107 App. Div. 200, affd. 186 N. Y. 556; *Liesny* v. *Metropolitan Life Ins. Co.*, 147 App. Div. 253), and (2) proof of alleged fraud or misrepresentation. (*Sommer* v. *Guardian Life Ins. Co.*, 281 N. Y. 508, 512; *Spencer* v. *C. M. L. Ins. Assn.*, *supra.*)

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.

TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed and a new trial ordered, with costs in this court and in the Appellate Term to the appellant to abide the event.